FRUGÉ, Judge.
This is a workmen’s compensation suit. On October 1, 1969, while working for Stone & Webster Engineering Corporation, the plaintiff was involved in an accident. His lower left back and left shoulder were injured. Immediately thereafter the plaintiff was hospitalized for three days. He was treated until November 7th of that same year by Dr. White and was discharged then with the doctor finding no physical reasons for pain. The plaintiff returned to work on November 27th of that same year, but his employment was terminated approximately three days later due to a reduction in work force. An orthopedic surgeon by the name of Dr. Hatchette examined Mr. Chandler on November 7, 1969, at the request of Dr. White. Dr. Hatchette also found nothing physically wrong with the plaintiff. Dr. Streete, a Lake Charles surgeon, examined the plaintiff on April 14, 1970. The doctor’s report of July 23rd indicated that the plaintiff was discharged as cured as of May 25, 1970. On July 23rd of that same year, another orthopedic surgeon by the name of Dr. Schneider examined Mr. Chandler. No residual disability was found. Again Mr. Chandler was examined by this same doctor on March 16, 1971, at which time the plaintiff made diffuse complaints of tenderness and Dr. Schneider noted that the plaintiff’s responses were of an excessive nature. No physical objective signs of injury or damage were found here either. On April 1, 1971, approximately a year and a half after the accident, Dr. Willis, Jr., psychiatrist, examined Mr. Chandler. At trial Dr. Willis stated that he found physical sufferings in the nature of fatigue, insomnia, and irritability and muscle spasms in the plaintiff. Mr. Chandler’s condition was diagnosed as a depressive reaction of psycho-neurotic type. Dr. Willis stated that this depression predated the accident for a length of about ten years. He stated, however, that he felt the accident was a trigger or significant factor which precipitated the injury. Upon learning at trial that the plaintiff had been discharged after working from March to November of 1970, the doctor stated that this termination of work could possibly have been a more significant factor causing the depressive reaction. Dr. Willis did state that he believed the plaintiff to be totally and permanently disabled.
The trial court found total and permanent disability on the part of the plaintiff and awarded $45 a week as of October 1, 1969, with interest on past due payments, for a period not to exceed 500 weeks. Credit was given for that period in which wages were paid in lieu of compensation. We affirm.
The trial court’s opinion was based primarily on the testimony of Dr. Willis, the psychiatrist. The essence of the defendant’s appeal deals with the rationale of the trial court’s evaluation of Dr. Willis’s testimony. Defendant appellant states that the trial judge should not have found total and permanent disability in the nature of a depressive reaction as caused by the accident in question, since the testimony of Dr. Willis indicated that he had not been informed of the complete history concerning Mr. Chandler, namely the plaintiff’s employment from March to November of 1970. Appellant contends that in view of Dr. Willis’s statement indicating that the termination of employment in November of 1970 was possibly a more significant factor in generating the depressive reaction, the plaintiff has not proved that the accident itself was the cause of the permanent and total disability. Appellant states that expert opinion cannot be given any value if the facts upon which that opinion is predicated do not exist. We agree with this contention but find that it does not fit substantially into the instant case.
When questioned by the court after learning of the plaintiff’s discharge from *827 work on November of 1970, Dr. Willis stated:
“I think there is a causal relationship. I think that during the time in which he would have been working he was still symptomatic and the — the symptoms date back to the accident as such, so that there is a factor. I saw him only after he had terminated work, and so I didn’t know this factor in it, which is also, I’m sure, a large factor.”
Also of interest is the testimony of Dr. Schneider, the orthopedic surgeon. He examined the plaintiff during the few months of employment subsequent to the accident. At that time, Dr. Schneider found that the plaintiff, although showing no objective signs of injury, did complain' and looked as if he generally suffered pain. Dr. Schneider stated that he thought perhaps the injury was of a functional rather than a physical nature, which would seem to reaffirm the opinion of Dr. Willis. It might also be interesting to note that no doctor stated that he believed the plaintiff to be malingering.
 We think this case rests solely on proof by a preponderance of the evidence of actual total and permanent disability. When the plaintiff shows that he genuinely suffers pain and when medical evidence would indicate that this suffering is a reasonable residual of the accident experienced, then we believe that the plaintiff has proven by a preponderance of the evidence that the accident effected this suffering. All that is needed is a reasonable probability that the disability is causally connected with the injury. Cripps v. Urania Lumber Company, 213 So.2d 353 (La. App. 3rd Cir., 1968); Nixon v. Pittsburgh Plate Glass Company, 161 So.2d 361 (La. App. 3rd Cir., 1964); Gates v. Ashy Construction Company, 171 So.2d 742 (La.App. 3rd Cir., 1965), writ refused April 15, 1965, 247 La. 678, 173 So.2d 542. From a careful reading of the record we find that there is more than a reasonable probability that Mr. Chandler’s depressive disability was causally connected to his injury of October 1, 1969, and we therefore, find no manifest error on the part of the trial court’s finding.
For the foregoing reasons, the judgment of the trial court is affirmed. All costs are to be borne by the defendant-appellant.
Affirmed.
HOOD, J., dissents, being of the opinion that the evidence fails to show a causal connection between the accident and plaintiff’s alleged disability.