SARTAIN, Judge.
This is a workmens compensation case wherein the plaintiff is alleged to be suffering from a traumatic neurosis. Judgment was rendered in the trial court in her favor, decreeing her to be totally and permanently disabled and entitled to weekly compensation benefits at the rate of $16.90 for a period not to exceed 400 weeks, subject to a *345 credit of $202.80, and for medical expenses incurred in the amount of $719.95. Defendant has appealed and we affirm.
It is conceded that plaintiff was injured on November 3, 1966, in a slip and fall accident at the Dixon Memorial Hospital, Denham Springs, Louisiana. Argonaut Southwest Insurance Company (erroneously called Argonaut Insurance Company) is the compensation insurer for plaintiff’s employer. Plaintiff was hospitalized from the date of the accident until November 14, 1966. During this period of confinement she was treated by Dr. Ewell C. Kemp. He diagnosed her injuries as strain of the right shoulder and lower back area. On her admission it was discovered that she had a diabetic condition. However, she was hospitalized “primarily to control the pain but also to regulate her diabetes.” The hospital reports which were introduced in lieu of the doctor’s testimony relate that the patient was “in rather acute distress with pain in the shoulder and the back.”
She was paid compensation at the aforementioned rate from November 4, 1966, until January 26, 1967.
On December 5, 1966, she was seen by Dr. James A. Durand who diagnosed her condition as “contusion and abrasion of right shoulder with arthritis. Contusion of head, neck with strain. Strain of lumbar muscle of back. Tension headaches.” As late as May 27, 1968, she was under Dr. Durand’s care and complained of continued pain and headaches, which in the doctor’s opinion were due to emotional tension. He estimated that she would need treatments from four to six additional weeks.
At the request of the defendant, on April 24, 1967, she was examined by Dr. G. C. Battalora, Jr., an orthopedic specialist. It was his opinion that further orthopedic treatment was not necessary and that plaintiff was able to return to her previous occupation as a cook.
On June 23, 1968, plaintiff was examined by Dr. Homer D. Kirgis, a specialist in neurosurgery with Ochsner Clinic, New Orleans, Louisiana. His report stated that plaintiff presented multiple chief complaints including pain in the lower back, difficulty hearing with the right ear, pain in the back of the head and neck, pain in the right shoulder, etc. It was Dr. Kirgis’ opinion that plaintiff presented no evidence of a neurosurgical disorder “and the overall picture at the time of the present examination is very suggestive of a functional disorder.” He suggested a psychiatric evaluation.
On October 1, 1968, plaintiff was referred to Dr. Alvin Cohen, a specialist in the field of psychiatry. Dr. Cohen saw her on seven subsequent occasions and concluded that plaintiff was suffering from a “traumatic neurosis precipitated by the injury of November, 1966. He prescribed valium. His last examination was on February 16, 1971, three days before he was deposed for the record.
At the request of the defendant, plaintiff was seen by Dr. Thomas L. Rafferty for psychiatric evaluation on November 27, 1971. He found her to be cooperative throughout the interview which lasted approximately one hour. He concluded that plaintiff is a profoundly emotionally disturbed person and technically described her condition as a “hysterical personality disturbance (a lifelong developmental condition)”. It was his opinion that her basic personality disturbance was not caused by any one event. He ruled out traumatic neurosis as diagnosed by Dr. Cohen because of the time lag from the date of the accident, November 3, 1966, to the date of Dr. Cohen’s examination, October 1, 1968. It was his opinion that traumatic neuroses begin in close proximity to the trauma and not months later. He further opined that the absence of reliable information about the patient’s pre-accident psychological health negated an accurate diagnosis of traumatic neurosis. Finally, he stated that plaintiff could not have worked for three months in 1968 if she had been truly suffering from traumatic neurosis.
*346 Both Dr. Cohen and Dr. Rafferty were of the opinion that plaintiff was sincere in her complaints, that she was not malingering and each described her as dull, difficult to understand and to have originated from a culturally deprived background. Even Dr. Rafferty expressed the opinion that plaintiff’s symptoms were quite genuine.
The lay testimony adduced at the trial is clear to the effect that from the date of the accident to the date of the trial, plaintiff continually complained of severe pain in the shoulder and lower back, and constant headaches. There is no evidence in the record to rebut the testimony of one of plaintiff’s employers prior to the accident to the effect that she was a conscientious, steady and reliable domestic servant.
Thus we see that the pivotal issue in this case is whether or not the plaintiff has borne the burden of proof that she has in fact sustained injuries which precipitated her present emotional difficulties. The testimonies of the two psychiatrists are in direct conflict. The trial judge obviously accorded greater weight to the testimony of Dr. Cohen than he did to that of Dr. Rafferty. In this conclusion we are not in a position to say that he committed manifest error.
Dr. Rafferty examined plaintiff on only one occasion. He predicated his decision on facts that he determined unreliable, i. e., conditions relative to plaintiff’s psychological health prior to and following the accident of November 3, 1966, which were given by relatives. The witness did not consider the evidence as having any objective value. Further, he did not consider that if plaintiff was suffering from a true traumatic neurosis she could have performed any type of work in 1968 where she admittedly worked approximately three months as a cook with the Holiday Inn in Baton Rouge before she “fell out” and had to be taken to her doctor.
Defendant cites the cases of Boutte v. Mudd Separators, Inc. (3rd La.App.1970), 236 So.2d 906, and Cain v. Travelers Insurance Company (4th La.App.1971, writs ref., 1971) 244 So.2d 619, and urges for our consideration the established rule that owing to the nebulous characteristics of a neurosis, proper consideration should be given to the dangers of abuse that are implicit in the acceptance of mental and nervous disorders as constituting disability. The Cain case carefully analyses the jurisprudence on this subject and quotes extensively from Miller v. United States Fidelity & Guaranty Co. (2d La.App.1957), 99 So.2d 511. We believe that the Cain case presents a different factual situation than does the matter at bar. In Cain, the appellate court reversed the trial judge because it found considerable inconsistencies in the testimony of the plaintiff together with obvious acts of misrepresentation and deception. There Is not one scintilla of evidence in this record indicating any insincerity or attempt on the part of the plaintiff to mislead the doctors who either treated or examined her. To the contrary, she has been consistent in voicing her complaints to each physician who saw her from the date of the accident to the time of the trial. This, we feel, justifies the conclusion reached by Dr. Cohen and accepted by the trial judge.
As stated in the recent case of Chandler v. American and Foreign Insurance Company (3rd La.App.1972), 257 So.2d 825, the plaintiff has borne the burden of proof sufficient to satisfy a claim of permanent and total disability when it is shown that he has genuinely suffered pain and when the medical evidence indicates that the suffering is a reasonable residual of the accident experienced. All that is needed is a reasonable probability that the disability is causally connected with the injury.
Accordingly, for the above and foregoing reasons, the judgment of the district court is affirmed at appellant’s costs.
Affirmed.