DOMENGEAUX, Judge.
This is a workmen’s compensation case filed by plaintiff against his employer and its insurer, resulting from an alleged accident on May 28, 1969. The trial judge found that plaintiff sustained a job connected injury, but that his disability did not persist beyond September 17, 1969, and consequently dénied plaintiff’s claim for workmen’s compensation benefits. From this decree plaintiff has appealed.
There are two issues herein: First, did Plaintiff-Appellant suffer an accident on May 28, 1969? And second, if so, to what extent, if any, was he disabled as a result thereof ?
Plaintiff was a painter employed by defendant, Sline Industrial Painters, Inc. He testified that on or about May 28, 1969, in midmorning while refilling a ten gallon spray pot he felt a sharp pain in his back. It did not concern him to any great extent, but that afternoon while moving a large extension ladder he experienced another pain in the back. He nevertheless finished his day’s work, but the next morning he felt extremely stiff and it was necessary that his wife help him in getting out of bed. He returned to work and reported the accidents of the previous day to his foreman, J. W. LeBleu. The foreman filled out an accident report and sent him to Dr. Robert O. Emmett, a medical practitioner specializing in general surgery.
Plaintiff lost no time from work but was placed on light duty until June 10, 1969. Because of certain personality conflicts between plaintiff and his subforeman, Joe Daigle, Mr. LeBleu transferred plaintiff to another job location. On September 17, 1969, because of a reduction in work force, plaintiff and others were laid off. From June 10 to September 17, 1969, plaintiff performed his regular duties. On September 18, 1969, the day after he was laid off, he voluntarily returned to Dr. Emmett’s office. On October 6, 1969, after receiving a pre-employment examination by Dr. *306 J. W. Swafford, he went to work as a boiler maker for another employer, Cities Service, and was engaged in that employment until January IS, 1970, at which time he was again laid off. He drew unemployment payments under the state employment security law through May of 1970, after applying for same and stating that he was able to work.
Dr. Robert O. Emmett examined plaintiff on May 29, 1969, the day after his alleged injury, and diagnosed plaintiffs condition as either an acute muscle strain or a herniated lipoma, which is a hard round fatty tissue sometimes found in many muscles of the body. The presence of the li-poma was not job connected. Dr. Emmett injected the lipoma with Novacain and Cortisone, which completely relieved plaintiff’s pain. He did not think that the plaintiff would lose any work time and made a notation to close out plaintiff’s chart in a week if he did not come back. He thought that plaintiff would have no permanent residual disability. Plaintiff returned on June 5, 1969, with general complaints of pain in the back. X-rays were ordered, the results being essentially negative except for mild hypertrophic changes considered normal in a person of plaintiff’s stated age of fifty-one. Plaintiff was administered ultra-sound treatments three times, on May 29, June S, and June 10, 1969. Plaintiff did not return until September 18, 1969, (the day after he was laid off as aforesaid) and on that date and again on September 20 and 22, 1969, he received three more ultra-sound treatments which were administered by the doctor’s nurse. Dr. Emmett never suspected any disc involvement and was very emphatic that plaintiff was not disabled beyond June 10, 1969. He also stated that if he suspected disc difficulty he would have referred him to an orthopedic surgeon.
On September 23, 1969, plaintiff presented himself to Dr. Roderick T. Perron, a General Practitioner. He was examined, and the doctor’s findings were devoid of objective symptoms. There was no muscle spasm. There was full range of motion in the suspected areas. There were subjective complaints of tenderness in the sacral area. Dr. Perron expressed the opinion that plaintiff had suffered a lumbar sprain from the incident of May 28, 1969, from which he had not fully recovered. Because of the possibility that plaintiff might have had a herniated disc, however, he referred him to Dr. F. Lionel Mayer, an orthopedic surgeon. Actually, Dr. Perron’s opinion of a possible herniated disc was based on history and not on objective findings. Plaintiff did not consult Dr. Mayer until June 9, 1970.
On September 25, 1969, two days after he was examined by Dr. Perron, he was examined by Dr. J. W. Swafford in a pre-employment physical for employment with Cities Service. Dr. Swafford found plaintiff able to work. During the examination plaintiff made no complaint whatever as to any back condition and denied any previous injury to his back.
On May 12, 1970, about the time that plaintiff's state unemployment payments were ending he again went to see Dr. Per-ron, whose findings were essentially the same as those on the first examination in September of 1969.
On June 9, 1970, plaintiff was seen and examined by the aforementioned Dr. Mayer after being referred there by his attorney. Dr. Mayer’s findings were essentially negative, however,, based on the history given him by plaintiff, he concluded that plaintiff probably had nerve root compression at the level of L-4 to L-5 on the right. He recommended a myelogram, which plaintiff refused. Dr. Mayer admitted that there was a distinct possibility that plaintiff’s complaints of generalized hypoesthes-ia in the right thigh were not medically compatible with his findings and that plaintiff could be feigning or exaggerating.
On September 9, 1970, plaintiff was examined by Dr. Norman T. Morin, an orthopedic surgeon, at the request of defendant. Dr. Morin found no objective symp *307 toms of injuries and expressed the opinion that plaintiff was able to return to work.
The trial judge concluded that plaintiff sustained an injury on May 28, 1969, while in the course and scope of his employment with the defendant, Sline Industrial Painters, Inc. Plaintiff’s testimony regarding the accident is uncontradicted and was verified by Mr. LeBleu, defendant’s foreman, who testified that plaintiff reported the accident to him the next day. Mr. LeBleu also testified that he referred plaintiff to Dr. Emmett for treatment. Although there were no witnesses to the accident or accidents on May 28, 1969, we apply the jurisprudential rule that a workmen’s compensation claimant can prove the occurrence of an accident solely by his own testimony provided there is nothing to discredit that testimony and that the testimony is corroborated by the surrounding circumstances. Guilbeaux v. Trinity Universal Insurance Company, La.App., 134 So.2d 717; Lewis v. Celotex Corp., La.App., 222 So.2d 647; Clark v. Glenwood Hospital, La.App., 165 So.2d 540.
The trial judge further concluded that plaintiff did receive an injury as a result of the accident in question, but that he had recovered therefrom. His opinion that plaintiff had recovered from his injuries was based on the testimony of Drs. Emmett, Morin, and Swafford. It is evident from a review of the medical testimony of Drs. Perron and Mayer that their conclusions as to possible or even probable disability were based primarily on history with no objective findings.
In the trial court’s reasons for judgment there is no indication of whether the Judge considered the lay testimony presented. Suffice it to say, however, the lay testimony was contradictory as to plaintiff’s complaints of pain while on the job and his performance of light duty after June 10, 1969. Raymond Fontenot, who worked with plaintiff in June of 1969, testified that plaintiff complained of back pains and that he could not do hard work. J. W. Beard, under whom plaintiff worked from June 2, 1969, through September 17, 1969, testified that after June 10, 1969, plaintiff at no time complained about his back or his inability to work and that he did in fact perform his job of sandblasting and spray painting satisfactorily without the aid of anyone. Plaintiff presented no witnesses to indicate that he had difficulty, pain, or disability in performing any of his duties as boiler maker with Cities Service from October 6, 1969, through January 15, 1970.
In workmen’s compensation cases as in other cases, plaintiff bears the burden of proof and he must establish his claim by a reasonable preponderance of the evidence. Lejeune v. Gulley, La.App., 252 So.2d 717.
Applicable also is the rule that the factual findings of the trial judge are entitled to great weight on appeal and his conclusions as to the facts should not be disturbed unless found to be clearly erroneous. Lejeune v. Gulley, supra; Huntsberry v. Millers Mutual Fire Insurance Co., La.App., 205 So.2d 617.
We are reluctant to reverse the trial court in the face of the medical and lay evidence, in that we fail to find clear error on its part. The testimony of Doctors Perron and Mayer indicate their opinions to be based on history and subjective findings, whereby the testimony of Doctor Emmett, the treating physician, and Doctors Morin and Swafford are emphatic to the effect that plaintiff was not disabled.
For the above and foregoing reasons the judgment of the trial court is affirmed at appellant’s costs.
Affirmed.