PONDER, Judge.
Plaintiff has appealed from a decision denying workmen’s compensation benefits.
He alleges' he was employed on April 17, 1968, by Ingram Services, Inc., for work in Australia. One of the terms of the employment contract was that the employer would provide for industrial accident compensation and benefits with limits and provisions similar to the Workmen’s Compensation Law of Louisiana. He claims to have suffered a fall on August 6, 1968, resulting in the loss of his left eye. Compensation at $45.00 per week for 500 weeks for total and permanent disability, medical expenses and attorney’s fees in the amount of $2,500.00 are prayed for.
The defense consists of the denial of an accident, or if there was an accident, of any causal relationship between it and plaintiff’s disability.
In order to understand this dispute, it is necessary to recount plaintiff’s medical history in regard to his left eye. At an early *658 age he was shot in that eye resulting in a permanent hole in the iris.
When Dr. David A. Koke examined the eye in 1954, the vision therein was 20/100 subject to correction by lens to 20/40 in 1957, and to 20/80 in 1960. The vision in 1962 was 20/300 corrected to 20/60.
Dr. William Sonnier, who performed the removal of the eye in September, 1968, had examined plaintiff in 1967, when the latter gave a history of recent injury resulting from an accident with a tire and rim. Dr. Sonnier gave his opinion that at the time of the operation, plaintiff had been working for some time with only one eye.
Dr. Robert Azar performed an operation on November 8, 1967, involving reattachment of the retina. The operation was successful in his opinion but the immediate result was light perception only, a 99 percent lack of visual perception, with the best likely ultimate outcome a reattainment of vision of 20/100 to 20/200. It would have been impossible to attain 20/100 by April, 1968.
Dr. Daniel Moore had made a pre-em-ployment physical examination of plaintiff in April, 1968, but could shed no light on the controversy since the eye examination was performed by nurses.
Three doctors in Australia saw Mr. Hubbard soon after the alleged fall. Dr. John Stretch Dean Sweeting, a general practitioner, saw him the day after the alleged fall, at which time he could find no external signs of recent trauma. However, the complaint of complete loss of vision being outside his specialty, he referred plaintiff elsewhere.
Dr. Francis Alfred Billson found a totally detached retina with the only indication of possible recent trauma being a few specks of blood in the eye. The detachment of the retina was of old origin and deterioration had been present for months. The scar tissue already present would have required at least three or four weeks for formation.
Dr. Walter Duff Counsell was of the opinion that the eye abnormalities were quite obviously old, stating that it was an impossibility for the condition to arise in two days. He was quite definite in his statements:
“I mean, there was no possibility of that retina having been three days before in a position where you could say that he’d lost his sight.” (R. page 187).
To a question of Dr. Counsell’s opinion as to the eye condition two weeks prior to the alleged fall, he replied:
“As a worker I could say that he was industrially blind in that eye, in fact you could say he was blind by almost any criterion.” (R. page 187).
“No, it was not any likelihood that this man had useful vision prior to his fall on the — in the month of August, 1968.” (R. page 191).
He explained the specks of blood in plaintiff’s eye as being from degenerating blood vessels, “just spontaneous.”
Even in workmen’s compensation cases, plaintiff is required to prove by a preponderance of the evidence the elements of his cause of action including among others, the occurrence of an accident and a causal relationship between an accident and his disability. Hebert v. Your Food Processing & Warehouse, Inc., 248 La. 197, 177 So.2d 286 (1965); Dodd v. Liberty Mutual Insurance Company, 269 So.2d 304 (La.App. 3 Cir. 1972), writ refused 271 So.2d 261; Meyers v. Employers Liability Assurance Corporation, 176 So.2d 658 (La.App. 1 Cir. 1965).
We find that plaintiff has failed to bear this burden of proof of both an accident and a causal relationship between the accident, if any, and the loss of vision in his eye and the eye itself. The first examining doctor could find no external signs of any recent trauma the morning after the alleged fall of six to eight feet with the plaintiff allegedly striking his head with *659 sufficient force to cause loss of consciousness.
In addition, as found by the trial court, plaintiff has failed to prove that the loss of vision in his left eye and of the eye itself resulted from the alleged accident. Far from finding that the trial court committed manifest error in so holding, we agree entirely with his conclusions.
The decision of the lower court is affirmed at appellant’s costs.
Affirmed.