GUIDRY, Judge
(dissenting).
I can agree with my learned brethren of the majority that plaintiff’s cause of action had not prescribed at the time suit was filed. I can hesitatingly agree that the trial court had a reasonable basis on which to found the conclusion that as a result of the accident plaintiff sustained injury to the deep vein area of her right leg. However, I cannot agree with my esteemed brethren in their finding that plaintiff’s injury was of such a character as to render her totally and permanently disabled to perform work of the same or similar character as that being performed at the time of her injury.
I have searched the record and find no medical evidence whatever which would support a finding of total and permanent disability. None of the medical experts testified that plaintiff’s disability was total or permanent. At most these experts testified that swelling of the legs was not uncommon in persons Mrs. Manuel’s age who worked on their feet the better part of the day. These experts testified that this problem could be alleviated by wearing support hose and the taking of a 30 minute break periodically to rest and elevate the extremities. On this issue Dr. Moss stated as follows concerning plaintiff’s disability following his second examination on April 9, 1975:
“Q. Would you say that the condition which you found this varicose vein condition, was disabling to Mrs. Manuel, which would prevent her from working?
A. Well, I would say at this particular time when I saw her, on the 9th of April, about a month ago, I think it was bothering her enough at that time to demand some getting off her feet and elevating them, and probably would keep her from a job, whatever it might be, for a few days, yes.” (emphasis mine)
*367 It is true that plaintiff and her lay witnesses testified that she suffered from her legs intermittently, however, I do not consider this a sufficient basis on which to award total and permanent disability, especially where there is no medical evidence in support thereof and the record shows that plaintiff continued to work following her alleged injury. In connection with the latter the record reflects that plaintiff worked for 3 months following her injury. She was discharged for reasons unconnected with her alleged injury and thereafter received unemployment compensation for 6 months, having certified to her willingness and ability to work during such period. Plaintiff has never again attempted to work.
The jurisprudence has clearly defined the term “permanent and total” disability, as occurring when one cannot return to his or her former duties without experiencing substantial pain. An injured claimant must work in more than “discomfort” and “slight pain” to be considered totally and permanently disabled. Rutherford v. Dixie Concrete, Inc., 222 So.2d 508 (La.App. 4th Cir., 1969); Arthur v. D. B. McConnell, 286 So.2d 499 (La.App. 2nd Cir., 1973); Morris v. Argonaut Insurance Co., 261 So.2d 344 (La.App. 1st Cir., 1972).
The jurisprudence is clear that in a workmen’s compensation suit, as in any other civil action, plaintiff bears the burden of proof and must establish his claim by a preponderance of the evidence to a legal certainty; mere speculation, conjecture, possibility, and even unsupported probability are insufficient to support a judgment. Sensley v. Aetna Casualty & Surety Company, 269 So.2d 473 (La.App. 1st Cir., 1972); Dodd v. Liberty Mutual Insurance Company, 269 So.2d 304 (La.App. 3rd Cir., 1972), writs refused, La., 271 So.2d 261; Bailey v. St. Paul Fire & Marine Insurance Company, 268 So.2d 697 (La.App. 1st Cir., 1972), writs refused, La., 270 So.2d 873; Danos v. Great Acceptance Corporation, 261 So.2d 339 (La.App. 1st Cir., 1972).
I believe that plaintiff failed to prove by a preponderance of the evidence that she was disabled as a result of her injury on August 7, 1973, and would reverse the trial court judgment.
For the foregoing reasons I respectfully dissent.