KLEES, Judge.
Defendants, Boh Brothers Construction Company (Boh Brothers) and National Union Fire Insurance Company, appeal the judgment of the trial court in favor of plaintiff, Jerry Hayes, reinstating his worker’s compensation benefits. After reviewing the record and applicable law, we affirm.
Plaintiff was employed by Boh Brothers as a laborer. On July 27, 1987, while assisting in the laying of a gas line, plaintiff was injured when he was struck in the back by a brace which was attached to a crane. Worker’s compensation benefits in the amount of $154.80 per week were paid to plaintiff from the time of the accident until December 1, 1987, when his compensation benefits were terminated.
Plaintiff filed a claim with the Louisiana Office of Worker’s Compensation. The dispute was not resolved; therefore, on July 5, 1988, plaintiff filed this compensation claim in district court, seeking reinstatement of his worker’s compensation benefits in the form of total and permanent compensation, alleging that he was still disabled both physically and mentally and was unable to return to work. Defendants filed an answer denying the allegations of the petition. After trial on the merits, the trial judge ruled in favor of plaintiff finding him temporarily and totally disabled, awarding' that compensation benefits be paid for one year from the date of judgment or the time of recovery if less than one year from judgment, plus the costs of psychiatric therapy and medication. Defendants have appealed arguing that the evidence presented at trial fails to establish that plaintiff’s mental condition is causally related to his employment or employment related accident.
The reviewing court must give great weight to the factual conclusions arrived at by the trier of fact, and reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed even though the appellate court may feel that its *901 own evaluations and inferences are reasonable. Where there is a conflict in testimony, reasonable evaluations of credibility and inferences of facts should not be disturbed on review unless manifestly erroneous. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
In order to be entitled to and recover disability benefits, including benefits for mental disability, a claimant in a worker’s compensation suit must establish by a preponderance of the evidence, three elements of proof: (1) a job related personal injury, (2) disability, mental or physical, and (3) a causal relationship between the disability and the injuries sustained in the job related accident. Furthermore, mental injury induced by physical trauma and physical injury induced by mental stress are compensable “personal injuries” under the Louisiana Worker’s Compensation Act. Sparks v. Tulane Medical Center Hospital and Clinic, 546 So.2d 138 (La.1989). Nevertheless, courts must proceed with extreme caution and exercise extreme care in view of nebulous characteristics of such condition and the possibility of symptoms being easily feigned. Jordan v. Southern Natural Gas Co., 455 So.2d 1217 (La. App.2d Cir.1984).
After plaintiff’s injury, he consulted several physicians. Plaintiff was first referred to the company doctor, Dr. Arrilla-ga. On July 30, 1987, plaintiff was examined by Dr. Naum Klainer, an orthopedist, who diagnosed a severe contusion of the chest and posterior aspect the thoracic spine. In early August, Dr. Klainer admitted plaintiff to West Jefferson Hospital where a myelogram, CAT scan, and X-rays were performed and determined to be essentially normal. Dr. Klainer advised plaintiff that he could do nothing further for him; therefore, he was referred to Dr. Mark Juneau, another orthopedist. Dr. Juneau treated him and discharged him after several months. At this point, plaintiff’s disability benefits were terminated.
Still in pain and without financial resources, plaintiff began treatment at Charity Hospital. Over the course of treatment at Charity, plaintiff was examined by several doctors, including internists, surgeons, pulmonary specialists, gastroenterologists, a psychologist, and three psychiatrists. Dr. Rhonda Kroll, an internist, examined plaintiff and testified by deposition. She opined that part of plaintiff's physical symptoms was due to a psychosomatic component and that she could not separate the physical portion of plaintiff’s complaints from the mental portion.
Dr. Richard Roniger, a psychiatrist who examined plaintiff, testified that he found no psychiatric illness present and that plaintiff appeared to exhibit an exaggeration and fabrication of symptoms for secondary gain.
Another psychiatrist, Dr. Alvin Cohen, examined plaintiff and testified by deposition that plaintiff suffered from depressive neurosis and passive-aggressive personality disorder, requiring psychiatric treatment. Although Dr. Cohen opined that plaintiff was not 100% disabled from engaging in gainful employment, he did state that plaintiff could have serious problems in the workplace because of this mental disorder. Dr. Cohen further testified that plaintiff actually feels pain even without a physical basis for it and that plaintiff was not a malingerer. Doctor K.A. Donkor associated with the Pulmonary Diagnostic Center testified by deposition that after various tests he could not see anything that he could use to say the plaintiff had any percentage of disability.
Mr. and Mrs. Hayes also testified that prior to the work related accident, he was a hard worker and did not suffer from mental illness.
In examining both the lay and medical testimony, the trial court determined that the mental condition was causally related to plaintiff’s employment related accident. After reviewing the record in its entirety, we cannot say that the trial court was manifestly erroneous.
Accordingly, for the reasons assigned, the judgment of the trial court in favor of plaintiff is affirmed. Costs of these proceedings are assessed against defendants.
AFFIRMED.
*902 REHEARING GRANTED
Our opinion in this matter is unchanged. However, considering counsel for appel-lees’ letter of October 6, 1992 as a supplement application, we grant rehearing solely for the purpose of clarifying that the opinion we rendered September 29,1992 affirming the trial court’s judgement without reservations affirms that judgment in its entirety, including the exact amounts awarded the plaintiff as delineated in the trial court’s written judgment.