616 So.2d 280 (1993)
Bobby R. BRADLEY, Plaintiff-Appellee,
v.
MANVILLE FOREST PRODUCTS, Defendant-Appellant.
No. 24585-CA.
Court of Appeal of Louisiana, Second Circuit.
March 31, 1993.
*281 Jan P. Christiansen, Monroe, for defendant-appellant.
Robert S. Noel, II, Monroe, for plaintiff-appellee.
Before MARVIN, SEXTON and LINDSAY, JJ.
LINDSAY, Judge.
The defendant, Manville Forest Products Corporation, appeals from a trial court judgment finding that the plaintiff, Bobby R. Bradley, is temporarily, totally disabled due to a mental disability connected with his employment. For the following reasons, we reverse the trial court judgment.

FACTS
The plaintiff was hired on February 24, 1987 to work in the defendant's plant as a laborer. His duties included the clean up of waste under the pulper machines. The waste consists of hot liquid which frequently overflows from the pulper machines during the production process.
On May 5, 1987, the plaintiff was injured when he slipped into a large quantity of the hot liquid from a pulper machine. The liquid ran into his boots, causing second degree burns to his left foot and third degree burns to his right foot. The plaintiff was immediately admitted to a local hospital for treatment. The burns to the plaintiff's right foot required skin grafts. The skin grafting procedure was a success and the plaintiff was discharged from the hospital on May 22, 1987.
The plaintiff received workers' compensation benefits for two years at the rate of $261 per week. Medical bills totalling $10,400 were also paid. During this period of time, the plaintiff continued to complain with a number of physical problems, including difficulty walking and standing. He claimed that his feet swelled with prolonged standing and he began using a cane to walk. He complained of nausea and a burning sensation in his stomach. He also *282 claimed to have pain in his neck. He further complained of sleep disturbances, including sleeplessness and recurrent dreams of falling into the hot liquid from the pulper machine.
Regarding the plaintiff's burns, his treating physician, Dr. Rizzo, a surgeon, felt that by July, 1987, these injuries were completely healed. Dr. Rizzo saw the plaintiff in May, 1988 and noted that although the plaintiff continued to walk with a cane and complained of swelling, no physical infirmity was noted. Dr. Rizzo referred the plaintiff to a neurologist for evaluation of possible nerve damage, but no such damage was found.
The plaintiff began to complain with pain in his neck in the summer of 1988. Evaluation of this problem by Dr. Giavoli, an orthopedic specialist, revealed that the plaintiff had degenerative cervical disc disease at C6-7 that did not require surgery.
The plaintiff's stomach complaints were also evaluated by a specialist. It was learned that the plaintiff was diagnosed with a peptic ulcer in 1984 and that this was the source of his stomach discomfort.
In addition to the numerous physical complaints voiced by the plaintiff, he also exhibited emotional complaints. The plaintiff had a preexisting problem with alcohol. After his release from the hospital following his injury, the plaintiff became increasingly depressed and his alcohol problem worsened. The plaintiff's marriage failed and he was ultimately admitted to a psychiatric facility for treatment.
The plaintiff was treated for his mental problems at the North Monroe Pavilion from September 14, 1988 to October 6, 1988. His psychiatrist, Dr. F. E. Weinholt, stated in the discharge summary that the plaintiff had mild post traumatic stress disorder after injury and had chronic alcohol dependence dating back to the early 1980s. Reports by Dr. Weinholt indicate that the plaintiff's main problem was alcoholism and not post traumatic stress disorder. Upon discharge, Dr. Weinholt felt that the plaintiff had not adequately accepted the fact that he was an alcoholic.
After the plaintiff received workers' compensation benefits for two years, and after all his physical complaints were thoroughly investigated and dismissed, physicians treating the plaintiff determined that he was no longer physically disabled and was able to return to work. Manville offered the plaintiff the opportunity to return to work at the plant, at his previous position and salary. However, the plaintiff refused to return, contending he was disabled. Manville terminated the plaintiff's disability benefits on June 2, 1989. The plaintiff filed a claim with the workers' compensation office, but an amicable resolution was not reached. On November 11, 1989, the plaintiff filed suit in district court for workers' compensation benefits.
The plaintiff claimed that, in addition to the burns received in the accident, he suffered a neck injury and suffered from post traumatic stress disorder.
Trial on the merits was held on November 18, 1991. In reasons for judgment, the trial court found that, based upon the medical evidence, the plaintiff suffered no permanent physical injury or disability that was causally connected to his employment at Manville. However, the trial court did find that the plaintiff suffered a mental impairment to such a degree that he is incapable of normal functioning and that the disability was causally connected to the accident. The trial court stated that the plaintiff suffered from an emotional handicap which perhaps existed before the accident, but which was aggravated and exacerbated by it to a degree that his ability to function in the work environment was destroyed. The court found that prior to the accident, although the plaintiff had an alcohol problem, he was able to work and to keep his marriage viable.
The court found that the plaintiff was temporarily totally disabled and, on the basis of LSA-R.S. 23:1202, the plaintiff was entitled to 75% of his average weekly wage, retroactive to the date of termination of his benefits, subject to any reduction which might apply under LSA-R.S. 23:1225, concerning receipt of Social Security benefits.
*283 The trial court found that the plaintiff was not entitled to penalties and attorney fees because the defendant had a reasonable basis for investigating the claim and terminating the benefits.
A judgment in favor of the plaintiff was signed by the court on February 26, 1992. The defendant appealed the trial court judgment.[1]
The defendant claims that the plaintiff failed to prove that his is suffering from a mental disability that prevents him from returning to work. The defendant also argues that the trial court erred in finding a causal connection between any mental disability that the plaintiff may have and the accident in which he was burned.

MENTAL DISABILITY
LSA-R.S. 23:1221 provides that compensation shall be paid for the temporary total disability of an employee to engage in any self-employment or gainful occupation for wages, whether or not the same or a similar occupation as that in which the employee was customarily engaged when injured and whether or not an occupation for which the employee at the time of the injury was particularly fitted by reason of education, training or experience.
Mental disabilities have been held to be compensable under the Workers' Compensation Act. Bernard v. O'Leary Brothers Signs, Inc., 606 So.2d 1331 (La.App. 3d Cir.1992); Westley v. Land and Offshore, 523 So.2d 812 (La.1988); Carter v. Avondale Shipyards, Inc., 308 So.2d 472 (La.App. 4th Cir.1975); Hayes v. Boh Brothers Construction Company, Inc., 606 So.2d 899 (La.App. 4th Cir.1992); Jordan v. Southern Natural Gas Company, 455 So.2d 1217 (La.App. 2d Cir.1984).
Under the law in effect at the time of the accident, the claimant in a workers' compensation case had the burden of proving his disability and its causal relationship to an employment accident by a preponderance of the evidence. Lubom v. L. J. Earnest, Inc., 579 So.2d 1174 (La.App. 2d Cir.1991); Westley v. Land and Offshore, supra.
Proof by a preponderance of the evidence is sufficient when the evidence, taken as a whole, shows that the fact sought to be proved is more probable than not. Lubom v. L. J. Earnest, Inc., supra. A claimant in a workers' compensation suit must establish by a preponderance of the evidence three elements of proof in order to recover disability benefits:
(1.) A job-related personal injury;
(2.) Disability (whether physical or mental); and,
(3.) A causal relationship between the disability and the injury sustained in the job-related accident.
Dominick v. CNA Insurance Company, 497 So.2d 758 (La.App. 3d Cir.1986), writ denied 501 So.2d 231 (La.1987); Hayes v. Boh Brothers Construction Company, Inc., supra.
An employer takes his employee as he finds him and an employee's disability is compensable when a nondisabling preexisting condition is activated or precipitated into a disabling manifestation as a result of injury. Hughes v. Webster Parish Police Jury, 414 So.2d 1353 (La.App. 2d Cir.1982).
An employee's preexisting disease or infirmity does not disqualify his workers' compensation claim if the work related injury either aggravated and accelerated or combined with the disease or infirmity to produce the disability for which compensation is claimed. When an employee shows that before the accident he had no manifest disabling symptoms and that commencing with the accident the disabling symptoms appeared and thereafter continuously manifested themselves, the accidental injury is presumed to have aggravated, accelerated or combined with the preexisting disease or infirmity to produce the disability. Walton v. Normandy Village Homes Association, Inc., 475 So.2d 320 (La.1985); Patterson v. GNB Battery, Inc., 569 So.2d 640 (La.App. *284 2d Cir.1990), writ denied 573 So.2d 1134 (La.1991).
Once an employee establishes the prerequisites to apply the presumption of a causal relationship, the employer has the burden of producing evidence to persuade the trial court that it is more probable than not that the work injury did not result from the accident or did not accelerate, aggravate or combine with a preexisting disease or condition. Dunn v. Allen Pulpwood, 565 So.2d 516 (La.App. 2d Cir.1990).
This is true even when an employee has a preexisting emotional stress or mental condition which is triggered by a work related accident. Chandler v. American and Foreign Insurance Company, 257 So.2d 825 (La.App. 3d Cir.1972); Carter v. Avondale Shipyards, Inc., 308 So.2d 472 (La.App. 4th Cir.1975).
Whether the claimant has carried his burden of proof and whether the plaintiff's testimony is credible are questions of fact to be determined by the trier of fact. The standard of review of the trial court's conclusion is under the manifest error-clearly wrong standard. Lubom v. L. J. Earnest, Inc., supra; Rosell v. ESCO, 549 So.2d 840 (La.1989).
Great weight is given to the fact finder's factual conclusions, reasonable evaluations of credibility and reasonable inferences of fact. These will not be disturbed though the reviewing court may feel its own evaluations and inferences are equally reasonable. Lubom v. L. J. Earnest, Inc., supra; Bernard v. O'Leary Brothers Signs, Inc., supra; Hayes v. Boh Brothers Construction, Inc., supra.

DISCUSSION
In reasons for judgment, the trial court found that the plaintiff carried his burden of proving that the work related injury is causally connected to a present mental disability. The trial court found that, prior to the work injury, the plaintiff was able to hold a job and had kept his marriage viable. However, after the accident, the plaintiff was incapable of normal functioning. The trial court found that the plaintiff's testimony, plus that of his former spouse, Mary Ann Branch, his friend, Margaret Hudson and his cousin, Roger Ross, corroborated the fact that after the plaintiff's injury at work, he became depressed, angry and drank heavily, and that he had not exhibited such behavior prior to his injury.
We note that the testimony of these lay witnesses is not persuasive in showing that the plaintiff's work related accident resulted in a disabling mental condition. These witnesses testified primarily concerning the plaintiff's physical condition. Further, we note that Ms. Hudson and Mr. Ross became associated with the plaintiff after the accident, and could not testify as to the plaintiff's condition, physical or mental, prior to his work related injury.
The trial court also found that the detailed reports of the plaintiff's psychiatrist, Dr. F. E. Weinholt, established that the accident at work is causally connected to the plaintiff's disability. However, our review of the reports made by Dr. Weinholt shows that the psychiatrist did not find that the plaintiff was suffering from a disabling mental condition. The reports also made it clear that there was no causal connection between the plaintiff's work related accident and his complaints at trial. The conclusions contained in Dr. Weinholt's reports are diametrically opposed to the conclusion reached by the trial court.
Although Dr. Weinholt found that the plaintiff suffered from mild post traumatic stress disorder after his injury, he did not find that this was a disabling mental condition. He found, however, that the plaintiff had a condition of chronic alcohol abuse which dated back to the early 1980s. Dr. Weinholt noted that the plaintiff gave a history of having either a dishonorable or undesirable discharge from some branch of the military service and that the plaintiff never seemed able to hold a job for very long. In addition, the plaintiff had been charged with driving while intoxicated on two occasions and became intoxicated while on a pass from the North Monroe Pavilion.
Dr. Weinholt's reports show that, with treatment at the North Monroe Pavilion, *285 the plaintiff was significantly improved and he was no longer disabled. His condition improved physically and mentally to the point that he was playing basketball, lifting weights and had abandoned the use of his cane. The plaintiff had also agreed to attend some Alcoholics Anonymous meetings, but Dr. Weinholt felt that the plaintiff had not totally accepted the fact that he is an alcoholic. Dr. Weinholt stated that whenever Mr. Bradley goes back to alcohol, "he may well have the same level of dysfunction that he did even prior to the accident that led to his temporary disability." Dr. Weinholt specifically discounted a causal connection between the plaintiff's physical injury and his dependence upon alcohol.
When the plaintiff was discharged from the North Monroe Pavilion on October 6, 1988, Dr. Weinholt had referred to a mild case of post traumatic stress disorder, but he did not indicate that this was a disabling condition. In his supplemental report written on April 25, 1990, directed to the Louisiana Department of Social Services, Dr. Weinholt again referred to plaintiff's claim of disability. It was Dr. Weinholt's opinion that "certainly should Mr. Bradley demonstrate some degree of disability, ... the principal cause of this would be alcohol and not anything related to the injury that he sustained at work." (emphasis supplied)
Dr. Weinholt's reports constitute the only medical evidence presented at trial concerning whether the plaintiff suffers from a disabling mental condition. Those documents show that the plaintiff suffers from pre-existing alcoholism which is not connected to his work related accident. Further, Dr. Weinholt never suggested that plaintiff was disabled by alcoholism, nor did he ever state that the plaintiff's alcoholism was aggravated or exacerbated by his physical injury at work.
Dr. Weinholt's reports clearly show that upon leaving the North Monroe Pavilion, the plaintiff was capable of functioning in a work environment. Dr. Weinholt specifically stated that if any further treatment was indicated, it "would address itself principally to the (pre-existing) alcohol problem and not to any residual disability on the basis of his injury."
In considering plaintiff's claim of disability due to an allegedly disabling mental condition, we note that the plaintiff was discharged from the North Monroe Pavilion in 1988. This case was tried in 1991. We find it significant that plaintiff presented no evidence that he was treated by Dr. Weinholt or any other mental health expert during the intervening years. There is simply no expert testimony or evidence that plaintiff is suffering from a mental condition which is disabling.
Accordingly, it is clear that the plaintiff has failed to carry his burden of proving, by a preponderance of the evidence, that he suffers from a disabling mental condition caused by his accident at work and the trial court's conclusion to the contrary is manifestly erroneous and clearly wrong. The trial court's decision is simply not supported by the record. Therefore, the trial court judgment must be reversed.

CONCLUSION
For the reasons stated above, we reverse the trial court judgment finding that the plaintiff, Bobby R. Bradley, is temporarily totally disabled due to a mental condition caused by a work related accident. Accordingly, the plaintiff's claim for workers' compensation benefits is denied and judgment is rendered in favor of the defendant, Manville Forest Products Corporation. Costs in this court and in the court below are assessed to the plaintiff.
REVERSED.
NOTES
[1] The plaintiff did not contest the trial court's denial of workers' compensation benefits based upon his alleged physical disability, nor did he raise the issue in his appellate brief. Therefore, this issue is not before the court for review.