UARMSTRONG, Judge.
This is a worker’s compensation case. The plaintiff, Larry Bart, is a Vietnam veteran and was a New Orleans fireman. He suffered a back injury in 1990. Some time earlier, he had been the subject of a transfer within the New Orleans Fire Department, and subject to a disciplinary proceeding because of some type of conflict with co-workers. After trial, the Hearing Officer of the Office of Worker’s Compensation determined that the plaintiff was temporarily totally disabled due to Post Traumatic Stress Disorder (“PTSD”). It is undisputed that the plaintiff has PTSD which has its ultimate origin in the plaintiffs experience in Vietnam. However, the hearing officer determined that the temporary total disability resulted when the PTSD “was aggravated and made symptomatic by the 1990 back injury.” The Hearing Officer also found that the transfer of the plaintiff and the disciplinary action against him may have contributed to the PTSD but that “the back injury is the primary triggering factor of PTSD.”
The employer, the City of New Orleans (Fire Department), appeals and raises four issues on appeal. First, the City argues that the Hearing Officer failed to apply the “clear and convincing evidence” standard made applicable to this type of injury by La.R.S. 23:1021(7)(e) and, instead, applied the usual “preponderance of the evidence” standard. Second, |2the City argues that the plaintiff failed to prove that his disability arose from an “accident” as the term “accident” is defined in La.R.S. 23:1021(1). Third, the City argues that the plaintiff failed to prove that his disability is related to his employment as opposed to his Vietnam experiences. Fourth, the City argues that, if the Hearing Officer’s determination is affirmed, then the ease should be remanded to allow the City to introduce evidence to establish a pension offset under La.R.S. 23:1225(c)(l).
As to the City’s first argument, that the Hearing Officer erred by failing to apply the clear and convincing evidence standard, and by instead applying the usual preponderance of the evidence standard, we first turn to the Hearing Officer’s Reasons for Judgment. Nowhere in the Reasons for Judgment does the Hearing Officer expressly state whether she is applying the clear and convincing evidence standard or, instead, the preponderance of the evidence standard.
However, the Reasons for Judgment do include quotations from or summaries of the holdings of a number of published appellate court and Supreme Court decisions regarding worker’s compensation. As to two of those cases, Bernard O’Leary Bros. Signs, Inc., 606 So.2d 1331 (La.App. 3rd Cir.1992), and Hayes v. Boh Bros Construction Co., 606 So.2d 899 (La.App. 4th Cir.1992), the Reasons for Judgment summarize or quote holdings that, in worker’s compensation eases, mental injuries must be proven by a preponderance of the evidence. Based upon that, the City argues that the Hearing Officer must have applied the preponderance of the evidence standard.[1]
We do not think that the Hearing Officer applied the preponderance of the evidence standard. The City informed the Hearing Officer at trial, and with citations and quotations in its post-trial brief, that the clear and convincing evidence standard is applicable to the plaintiffs PTSD mental injury and the plaintiff did not dispute that. With the City bringing the clear and convincing evidence *1024 standard to the Hearing Officer’s attention, and no dispute by the plaintiff, it seems unlikely that the Hearing Officer would err as to this point. Also, has there was no dispute as to the issue, there was no particular reason for the Reasons for Judgment to include a discussion of the standard of proof to be applied.
The Reasons for Judgment, in quoting and summarizing the holdings of the Bernard and Hayes decisions, are broadly inclusive, but the focus of the Reasons for Judgment seems to be the elements that must be proven by a worker’s compensation claimant. In other words, it appears that the Hearing Officer was relying upon the Bernard and Hayes decisions with regal’d to what must be proven rather than for the standard of proof.
In any case, we are convinced that, if the Hearing Officer did err as to the standard of proof, the error was harmless in the case. Initially, we see from the Reasons for Judgment that the Hearing Officer saw the evidence on the issue which turned out to be dispositive, the causation of the plaintiffs PTSD, as one-sided. Thus, if the Hearing Officer were to have applied the clear and convincing evidence standard (assuming she did not), it would not have changed the Hearing Officer’s ultimate decision. Also, our own independent review of the record, discussed below in connection with the City’s third argument, persuades us that the plaintiff did prove his case below by clear and convincing evidence.
The City’s second argument is that the plaintiff has failed to prove that his disability is the result of an “accident” within the meaning of the worker’s compensation statute. The statute defines an “accident” thus:
“Accident” means an unexpected or unforeseen actual, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration.
La.R.S. 23:1021(1).
The Hearing Officer found that the primary trigger of plaintiffs PTSD was a December 10,1990 back injury that the plaintiff suffered while fire fighting. It is uncontested that this back injury occurred on December 10,1990. Indeed, the plaintiff was examined and treated by the Fire Department’s doctor and held out of work for some time due to the back injury. (The plaintiff also had suffered a 1988 on-the-job back injury which may have been aggravated by the 1990 injury.)
|/The plaintiffs December 10, 1990 back injury fits comfortably within the statutory definition of accident. In fact, the City does not really contest that the December 10,1990 back injury is an “accident.” Rather, the real thrust of the City’s argument is that the plaintiffs disability, his PTSD, was not caused by the December 10, 1990 back injury. We will consider this point in connection with the City’s third argument on appeal which is addressed immediately below.
The City’s third argument is that the plaintiff did not prove that his disability, his PTSD, was work-related. The City argues that, instead, the plaintiffs PTSD was caused by his Vietnam experience. In particular, the City argues that the plaintiff did not prove that his PTSD was caused by his December 10, 1990 on-the-job back injury. Also, of course, the City points out that the plaintiffs “physical/mental” injury must be proven by clear and convincing evidence.
As mentioned above the Hearing Officer found that the December 10, 1990 back injury caused the plaintiffs PTSD to become symptomatic and disabling and that the Fire Department transfer and disciplinary proceedings may have contributed to that. The medical evidence overwhelmingly supports the Hearing Officer’s findings. Indeed, all three doctors were in substantial agreement.
Dr. Uddo, a clinical psychologist and the plaintiffs treating physician, was the only medical expert to testify at trial. She had treated the plaintiff for PTSD for a considerable time by the time of trial and had seen him on a number of occasions. Her experience with PTSD is most extensive.
Dr. Uddo testified at some length, and in detail. She testified that, while the plaintiffs PTSD had its ultimate origin in the plaintiffs Vietnam experiences, he did not have any *1025 severe PTSD symptoms, or any disability from PTSD, until the December 10, 1990 back injury. Dr. Uddo explained that many persons with PTSD are able to use hard work as a coping mechanism and remain functional for a considerable time. She believes that this is what the plaintiff did but that, when the plaintiff was out of work for some time due to the December 10, 1990 back injury, the coping mechanism was removed and the PTSD became symptomatic and severe. Thus, she attributes the plaintiffs disability to the ^December 10, 1990 accident. She also believes that the Fire Department transfer and disciplinary proceeding, being reminiscent of a similar experience in Vietnam, also contributed to plaintiffs PTSD becoming symptomatic and severe.
On cross-examination, Dr. Uddo did concede that it can be difficult to pin down the causes of PTSD. However, she maintained throughout her testimony that the cause of the plaintiffs severe, symptomatic PTSD was the plaintiffs December 10, 1990 back injury and, consequently, being out of work and the Fire Department transfer and disciplinary action. In response to a summing-up type question on redirect, she emphasized the back injury as the critical event:
Q. Dr. Uddo, it is fair to say that it is your opinion that Mr. Bart worked as a fire fighter for all those years, but that the combination of the disciplinary action and the resulting transfer, as well as his back injury which resulted in his not being able to work, were those events that, in your opinion, triggered the onset of the post traumatic stress disorder?
A. Yes.
I think the final event was the back injury. That was the straw that broke the camel’s back, that was it. Leading up to that there were other things that added to it, that was building up, but that was the final event that triggered it.
Dr. Anastasio, one of the psychiatrists for the City, did not testify but his written report was introduced into evidence. Dr. Anastasio never treated the plaintiff but did examine him on one occasion. He concluded that the plaintiff is disabled from working due to PTSD. The City emphasizes a sentence in Dr. Anastasio’s report that states: “It is my opinion that the specific PTSD symptoms are related to combat experiences in Vietnam rather than to any particular psychological trauma he experienced in his years as a fire fighter.” However, Dr. Anas-tasio’s report also states:
Judging by Mr. Bart’s history and clinical course, I believe that his more extreme difficulty with psychiatric symptomatology over the last two years is related to his perceived physical disability subsequent to his disc pathology, which apparently began following a work-related injury in 1988. [Dr. Anastasio’s report does not mention the later, December 10, 1990 injury.] As he lost his ability to function competently in physical and vocational [i.e., fire fighting] areas, significant psychiatric sympto-matology emerged.
16Thus, although Dr. Anastasio looked farther back to the 1988 back injury rather than emphasizing the later December 1990 back injury, he did place work-related events as the cause of the severe, symptomatic, disabling PTSD. In other words, like Dr. Uddo, he saw the plaintiffs Vietnam experiences as the ultimate source of the PTSD, but the work-related events as the cause of the severe symptoms that disabled the plaintiff. As the Hearing Officer put it: “Dr. Anastasio is of basically the same opinion as Dr. Uddo.”
Dr. Columb, the other psychiatrist for the City, also did not testify but his written report also was received in evidence. He did not treat the plaintiff but did examine him on one occasion. Dr. Colomb reported that the plaintiff suffered from PTSD and he describes the PTSD as “Vietnam related.” However, Dr. Colomb reported that the plaintiff did not have PTSD symptoms while he was working and that the PTSD became symptomatic when the plaintiff could not work. Very much like Dr. Uddo’s testimony, Dr. Colomb’s report states: “It is very common for men to have compensated for their [PTSD] problems with hard work and when they are unable to continue working hard to have their symptoms occur.” Dr. Columb concludes that the PTSD was not caused by *1026 the stress of firefighting, but rather by the inability to work, and that is consistent with Dr. Uddo’s conclusions.
Stated in layperson’s terms, what emerges from the medical testimony, which is all quite consistent, is as follows: First, the ultimate source of the plaintiff’s PTSD is his Vietnam experience. Second, the plaintiff’s PTSD did not cause disabling symptoms until the December 10, 1990 back injury. Third, the plaintiffs work enabled him to cope with his PTSD so that it did not disable him. Fourth, when the plaintiff was unable to work for some time due to his work-related December 10, 1990 back injury, this caused him to suffer from PTSD symptoms that are so severe that he is disabled.
Put in legal terms, what occurred was an aggravation of a pre-existing non-disabling condition so as to make that condition so much worse as to be disabling. A work-related injury which so aggravates a preexisting condition as to make it disabling can be the basis of entitlement to worker’s compensation. The Supreme Court has held:
The fact that a condition is pre-existing does not preclude recovery for the disabled employee; the employer takes the employee as he is, and the fact that the disease alone might have disabled the employee in its ordinary course of progress is not the inquiry. The employee’s disability is com-pensable if a pre-existing disease or condition is activated or precipitated into disabling manifestations as a result of a work accident.
|7Thus, the City’s argument that the plaintiffs PTSD disability was caused by his Vietnam experience, rather than by his work-related back injury, is not so much wrong as it is misplaced. The plaintiffs pre-existing PTSD was caused by his Vietnam experience, but, after working thirteen years as a firefighter despite that pre-existing condition, the condition was so aggravated by a work-related injury as to be disabling. The plaintiff proved by clear and convincing evidence that he was disabled as a result of a work-related injury.
The City’s fourth, and final, argument goes to quantum rather than liability. The City argues that the plaintiff is receiving a disability pension and, therefore, the City is entitled to an offset against worker’s compensation benefits pursuant to La.R.S. 23:1225(c).
The City concedes that it did not raise the issue of a pension disability offset in the proceedings below. Also, the Hearing Officer expressly found: “No set-off was raised as an affirmative defense nor was one urged at trial.”
We note that Dr. Anastasio’s report includes the fact that the plaintiff had applied for a disability pension. Dr. Colomb’s report states that the plaintiff had “retired” due to disability. Both of these doctors examined the plaintiff at the behest of the City, both of their reports were offered and relied upon by the City; Dr. Anastasio’s report was submitted with the City’s Pretrial Questionnaire and Dr. Colomb’s report was noted in that questionnaire. Therefore, the City was on notice prior to trial at least as to the fact that the plaintiff had applied for a disability pension.
We cannot consider this pension disability offset issue because it was not raised at trial before the Hearing Officer of the Office of Worker’s Compensation. Rule 3-1 of the Uniform Rules of Louisiana Courts of Appeal; Shepherd v. Allstate Ins. Co., 562 So.2d 1099, 1102 (La.App. 4th Cir.1990); Taylor v. First Jersey Securities, Inc., 533 So.2d 1383, 1388 (La.App. 4th Cir.1988), writs denied, 538 So.2d 593, 594 (La.1989); Handy v. Cheatum, 410 So.2d 322 (La.App. 4th Cir.1982). However, our decision as to this point is without prejudice to whatever rights the City may otherwise have to seek review of the quantum of benefits in future proceedings with the Office of Worker’s Compensation Administration.
For the foregoing reasons, the judgment of the Office of Worker’s Compensation is Affirmed.
JgAFFIRMED.

. Presumably, because of its effective date, the legislation that amended La.R.S. 23:1021(7)(c) to add the "clear and convincing evidence” standard did not apply to the Bernard, and Hayes cases.