562 So.2d 1099 (1990)
Cindy SHEPHERD
v.
ALLSTATE INSURANCE CO. and Marie Laurent.
No. 89-CA-2246.
Court of Appeal of Louisiana, Fourth Circuit.
May 31, 1990.
*1100 Paul A. Tabary, III, Chalmette, for appellees.
Sidney D. Torres, III, Gregory J. Noto, Chalmette, for appellant.
Before BYRNES, CIACCIO and WILLIAMS, JJ.
BYRNES, Judge.
Cindy Shepherd appeals a judgment maintaining a peremptory exception of res judicata and dismissing her personal injury action against Allstate Insurance Company (Allstate) and its insured, Marie Laurent. We affirm.
On the afternoon of November 4, 1988, Ms. Shepherd's vehicle was hit on the rear bumper by the automobile driven by Ms. Laurent as both vehicles attempted to board the Chalmette Ferry. On the ferry, Ms. Shepherd and Mr. David Walston, the driver of her vehicle, obtained information from Ms. Laurent, including her insurance policy number. Later that day, after contacting Ms. Laurent and Allstate, Ms. Shepherd went with Mr. Walston to the Allstate office where she received a $250.00 check and signed a release form around 5:00 p.m. Thereafter, Ms. Shepherd filed her personal injury action in which Allstate filed its exception. After an evidentiary hearing, the trial court held that the execution of the release was binding. Plaintiff's appeal followed.
The issue on appeal is whether the parties mutually consented to a valid compromise of all claims or whether there was error in the matter in dispute which was sufficient to warrant recission of the release.
It is undisputed that Cindy Shepherd did, in fact, sign a release in favor of Allstate and she endorsed as well as deposited the $250.00 check. However, plaintiff contends that the form presented a "rush release" signed slightly more than three hours after the accident when Ms. Shepherd was in severe pain and extremely distraught, preventing her from reading or understanding the terms of the release. Plaintiff claims that she thought she was receiving an advance partial payment of funds for medical treatment which she needed to pay the hospital because she had already used her entitlements to Medicaid emergency room visits.
Under Louisiana Civil Code Art. 3071, a transaction or compromise is an agreement between two or more parties who adjust their differences by mutual consent for *1101 putting an end to a lawsuit. Louisiana Civil Code Art. 3078 states:
Transactions have, between the interested parties, a force equal to the authority of things adjudged. They cannot be attacked on account of an error in law or in lesion. But an error in calculation may always be corrected.
Louisiana Civil Code Art. 3079 provides:
A transaction may be rescinded notwithstanding, whenever there exists an error in the person or on the matter in dispute. It may likewise be rescinded in the cases where there exists fraud or violence.
The purported release included:
RELEASE OF ALL CLAIMS (Open Medical)
CLAIM NO. XXXXXXXXXX.

THIS INDENTURE WITNESSETH THAT Cindy Shepherd in consideration of the sum of $250.00, receipt whereof is hereby acknowledged, do hereby and forever discharge Marie Laurent and Allstate, Inc. and any other person, firm or corporation charged or chargeable with responsibility or liability, their heirs, representatives or assigns, from any and all claims, demands, damages, costs, expenses, loss of services, actions and causes of action, arising from any act or occurrence up to the present time, and particularly on account of all personal injury, disability, property damage, loss or damages of any kind sustained or that I may hereinafter sustain in consequence of an accident that occurred on or about the 4th day of November, 1988, at or near the Algiers Ferry in Chalmette. But this release does not apply to reasonable expenses up to $250.00 for necessary medical and hospital services which shall be rendered within 60 days after the date of this release to treat injuries received by me in the accident described above.

I understand that the parties hereby released admit no liability of any sort by reason of said accident and that said payment and settlement in compromise is made to terminate further controversy respecting all claims for damages that I have heretofore asserted or that me or my personal representatives might hereafter assert because of said accident.
Signed and sealed this 4th day of November, 1988.
 (CAUTIONREAD BEFORE SIGNING)
 WITNESSED BY
 ______ /s/Cindy Shepherd (Seal)
The $250.00 check, which plaintiff endorsed and deposited, stated: "Settlement of injury of collision of 11/4/88."
The party urging an exception of res judicata based on a compromise has the burden of proving by a preponderance of the evidence the elements of the compromise, including the parties' intention to compromise their differences. Schmidt v. Doe, 514 So.2d 614 (La.App. 4th Cir.1987). Whether the parties consented to a compromise can only be determined by examining the actions of the parties and the facts surrounding the asserted compromise. Boudreaux v. LeBlanc, 517 So.2d 911 (La. App. 3rd Cir.1987). In absence of legislation, the court is not justified in declaring a rush release invalid; however, the court is justified in recognizing the high potential for error in consideration of all the facts and circumstances connected with the execution of the release. Wise v. Prescott, 244 La. 157, 151 So.2d 356 (La.1963).
Plaintiff argues that she was at a disadvantage when she spoke to the insurance adjuster because financially she needed money immediately to obtain medical treatment on the day of the accident. Duress which will invalidate a release from liability or compromise of claims for injuries is that which proceeds from fear or force of violence. The claim of financial straits does not give rise to duress. Wilson v. Aetna Cas. & Sur. Co., 228 So.2d 229 (La.App. 3rd Cir.1969).
At the time of the hearing, Ms. Shepherd was 36 years old, had graduated from high school and had attended one and a half years of college. It is not disputed that she had the ability to read. Ms. Shepherd testified that she was in such pain and distress that she could not read the release nor did the claims adjuster give her the *1102 opportunity to read it. However, Mr. Walston stated that the adjuster did not read it to Ms. Shepherd but "went from line to line and told her what it meant." Where literate and intelligent persons execute a release that is clear and unambiguous, they may not later have that release nullified, absent fraud, duress or error. Failure to read a release is neither an acceptable defense nor a reasonable excuse. Murphy v. Hoffpauir, 540 So.2d 573 (La.App. 3rd Cir. 1989), writ denied, 544 So.2d 406. A person who signs a written instrument is presumed to know its contents and cannot avoid its obligations by contending that it was not explained or that he did not understand it. Smith v. Leger, 439 So.2d 1203 (La.App. 1st Cir.1983).[1]
We conclude that Allstate proved by a preponderance of the evidence that Ms. Shepherd intended to compromise all the claims when she accepted the check and signed the release. In light of the fact that the property damage was limited to $46.76, it was reasonable for the adjuster to limit medical payments to $500.00 in settlement of all claims. The compromise is a bar to the present lawsuit. The intent of the parties is a factual determination made by the trial judge based upon his evaluation of the evidence. Schmidt v. Doe, supra, 514 So.2d at 616. We find no manifest error in the trial court's opinion that Ms. Shepherd intended to compromise all her claims.
Plaintiff presents another argument that the case should be remanded to determine if Allstate failed to make any medical payment in excess of $250.00, thus vitiating the transaction and release. We will not consider this issue because it was not raised in trial court. Uniform Rules, Courts of Appeal, Rule 1-3; Great Southern Life Ins. Co. v. LeBreton, 540 So.2d 1306 (La.App. 5th Cir.1989).
For the foregoing reasons, we affirm with all costs of appeal to be paid by the plaintiff.
AFFIRMED.
NOTES
[1] Ms. Shepherd relies on Wise, supra, Moak v. American Automobile Insurance Co., 242 La. 160, 134 So.2d 911 (1961) and Mooneyhan v. State Farm Automobile Insurance Co., 290 So.2d 405 (La.App. 2nd Cir.1974), cases in which general releases were set aside because the circumstances indicated that the plaintiffs had not intended to fully settle their claims. Plaintiff points out that Allstate did not intend that all claims were released because the adjuster told Ms. Shepherd to return the following Monday to obtain payment for property damage. On November 7, 1988, Ms. Shepherd received Allstate's check in the amount of $47.76 for property damage to her car. If Ms. Shepherd was confused as to this point, she was aware that the release included medical claims because the purpose of her visit to the Allstate office was to obtain funds to receive medical treatment at the hospital. In Moak and Mooneyhan, the insurers made payments for property damage but no payments were made for personal injuries. In Wise, the insurance adjuster obtained a rush release on the day of the accident by going to the home of the elderly plaintiff who was over 70 years old. The insurance agent did not report that he was an adjuster and no insurance was mentioned. Plaintiff could not read the paper she signed because her glasses had been broken in the accident. In Burns v. Fernandez, 401 So.2d 1033 (La.App. 4th Cir.1981), this court found that the release was not supported by cause or consideration because the insurer already owed the injured party the full amount of her damages but was unable to assume liability because of liquidation. In the present case, liability had not been conceded but only a compromise agreement was signed. Allstate provided consideration with the $250.00 check for partial payment as shown in the release agreement.