734 So.2d 105 (1999)
James COMEAUX, Jr.
v.
ENTERGY CORPORATION, Entergy Operations, Inc., Charles Gary Clary, and Edwin Lupberger.
No. 98-C-451.
Court of Appeal of Louisiana, Fifth Circuit.
April 14, 1999.
Writ Denied July 2, 1999.
*106 Harry A. Rosenberg, M. Nan Alessandra, Phelps Dunbar, L.L.P., New Orleans, Louisiana, Thomas H. Kiggans, Susan W. Furr, Baton Rouge, Louisiana, Louis G. Authement, Luling, Louisiana, for defendants-applicants.
W. Richard House, Jr., Barbara G. Haynie House, Kingsmill, Riess & Seabolt, L.L.C., New Orleans, Louisiana, for plaintiff-respondent.
Court composed of Judges CHARLES GRISBAUM, Jr., JAMES L. CANNELLA, and THOMAS C. WICKER, Jr., J. Pro Tempore.
PER CURIAM.
The defendant, Entergy Corporation, filed a writ application requesting this Court to grant its motion for summary judgment, which the trial court denied.

ISSUE
The ultimate issue presented for review is whether the waiver of rights signed by the plaintiff, James Comeaux, Jr., is a valid waiver of his right to sue the defendant for claims under Louisiana's Age Discrimination Act.

FACTS AND PROCEDURAL HISTORY
This matter arises from allegations by plaintiff, James Comeaux, Jr., against his former employer, Entergy Corporation, of age discrimination in violation of the Louisiana Commission on Human Rights Act. La. R.S. 51:2231 et. seq. The defendant filed a motion for summary judgment contending that the plaintiff waived "all claims, demands, damages, actions, or causes of action occurring on or before the date of execution of this Release ..." pursuant to a release agreement he signed and in acceptance of a severance package.
The trial court denied the defendant's motion for summary judgment because the waiver failed to comply with the statutory standards for a valid waiver under the Older Workers Benefit Protection Act (OWBPA). 29 U.S.C.A. § 626(f). This Court, exercising its supervisory jurisdiction, granted defendant's motion for summary judgment finding no genuine issue of material fact existed and that the mover was entitled to summary judgment as a matter of law. Upon plaintiffs petition for rehearing and rehearing en banc, this Court denied such, in pertinent part, stating:
We find the release ... signed by the plaintiff, James Comeaux, Jr., sufficient to waive his claims against the defendants. The release clearly outlines the rights Mr. Comeaux waived in exchange for additional monies and benefits. Mr. Comeaux actually received nearly $25,000.00 in severance pay and companysubsidized benefits as part of the release agreement.
On writ of certiorari, the Louisiana Supreme Court remanded this matter for briefing, argument, and opinion. Thus, we again address this matter.

LAW AND ANALYSIS
We must first address whether the OWBPA requirements for a valid waiver apply here. Mr. Comeaux filed suit under Louisiana law prohibiting age discrimination and not under the federal Age Discrimination Act. The Louisiana legislature has not adopted or enacted the OWBPA as part of our law. Additionally, the United States Supreme Court has held that a release signed by an employee as part of a termination agreement, but not in compliance with requirements of the OWBPA, does not bar the employee's Age Discrimination in Employment Act of 1967 suit. Oubre v. Entergy Operations, Inc., 522 U.S. 422, 118 S.Ct. 838, 139 L.Ed.2d 849 (1998). The Supreme Court did not include state age discrimination claims in its holding. Thus, we conclude that the requirements in the OWBPA, for the release signed by Mr. Comeaux, do not apply here.
*107 We next address whether the release is sufficient to constitute a waiver of the claims herein by Mr. Comeaux against Entergy. Mr. Comeaux was initially informed that he was approved for a ranking voluntary severance option package by letter, dated January 16, 1995, from the manager of Human Resources. He was given from that time, until February 1, 1995, to consider the offer, consult an attorney, and make a decision. He had the option of either accepting the offer and resigning or continuing his employment and trying to improve his ranking.
The release, itself, informed Mr. Comeaux that he was waiving "all claims ... occurring on or before the date of execution of this release ... against Entergy...." It further stated that he was advised to discuss this release with his lawyer and was given no less than 14 days within which to sign the release. He also accepted nearly $25,000.00 in additional monies and benefits as consideration for the release. Based on the foregoing, we find that the release was knowing and voluntary and is a valid waiver of Mr. Comeaux's claims against Entergy.
Mr. Comeaux contends that the agreement is invalid because he signed the release under economic duress. Comment (b) of La. Civ.Code art.1959 defines duress as:
According to Black's Law Dictionary (Rev. 4th ed.1968), duress means: "Unlawful constraint exercised upon a man whereby he is forced to do some act that he otherwise would not have done. It may be either `duress of imprisonment,' where the person is deprived of his liberty in order to force him to compliance, or by violence, beating, or other actual injury, or duress per minas, consisting in threats of imprisonment or great physical injury or death. Duress may also include the same injuries, threats, or restraint exercised upon the man's wife, child, or parent." For the drafters of the Restatement of the Law, Second, Contracts, duress takes two forms. In one, a person physically compels conduct that appears to be a manifestation of assent by a party who has no intention of engaging in that conduct. The result of this type of duress is that the conduct is not effective to create a contract. In the other, a person makes an improper threat that induces a party who has no reasonable alternative to manifest his assent. The result of this type of duress is that the contract that is created is voidable by the victim. This latter type of duress is in practice the more common and more important. Restatement, Second, Contracts, §§ 174 and 175 (1981). In sum, "duress" is a word of art or technical word in the English language which expresses exactly what is meant by "violence or threats" in C.C. Arts. 1850-1852 (1870). Its adoption in this revision is not intended to incorporate notions incompatible with that meaning.
Mr. Comeaux fails to produce any evidence of duress as defined above. His contention that economic duress vitiates his consent is unsupported by either law or the record. The record establishes that he could have continued his employment and attempted to improve his ranking. He, however, opted to accept the severance package. Moreover, Louisiana appellate courts have held that financial strait does not constitute duress. Shepherd v. Allstate Ins. Co., 562 So.2d 1099 (La.App. 4th Cir.1990) (citing Wilson v. Aetna Casualty & Sur. Co., 228 So.2d 229 (La.App. 3rd Cir.1969)). Considering the above, we find the release agreement between Mr. Comeaux and Entergy is valid. Accordingly, we find no genuine issue of material fact exists and that relator is entitled to judgment as a matter of law.
For the reasons assigned, we grant the relator's writ application requesting this Court to reverse the trial court judgment denying its motion for summary judgment.
WRIT GRANTED.