762 So.2d 288 (2000)
Herman AUBERT, John Carson, James Epperly, Herman Poret, Krishna Iyengar, George Koehler, Rajan C. Mathew, Michael McCampbell, Laurence Simon
v.
ENTERGY CORPORATION, Entergy Operations, Inc., Charles Gary Clary and Edwin Lupberger.
No. 00-CA-30.
Court of Appeal of Louisiana, Fifth Circuit.
May 30, 2000.
*289 W. Richard House, Jr., Barbara G. Haynie, House, Kingsmill & Riess, L.L.C., New Orleans, Louisiana, for plaintiffs-appellants.
Harry A. Rosenberg, Phelps Dunbar, L.L.P., New Orleans, Louisiana, Thomas H. Kiggans, Susan W. Furr, Baton Rouge, Louisiana, Louis G. Authement, Luling, Louisiana, Renee W. Masinter, Entergy Services, Inc., New Orleans, Louisiana, for defendants-appellees.
(Court composed of Judges CHARLES GRISBAUM, Jr., JAMES L. CANNELLA and SUSAN M. CHEHARDY.)
GRISBAUM, Chief Judge.
This matter arises from allegations of age discrimination in violation of the Louisiana Commission on Human Rights Act. La.R.S. 51:2231, et seq. Plaintiffs-appellants, Herman Aubert, and seven other former Entergy employees, filed suit under this Act against their former employers, Entergy Corporation and Entergy Operations, Inc., and executive officers, Charles Gary Clary and Edward Lupberger. The plaintiffs-appellants appeal the trial court's dismissal of their claims by summary judgment. We affirm.

ISSUES
The plaintiffs ultimately call upon us to determine the following:
(1) Did the trial court err in relying on this court's decision in Comeaux v. Entergy Corp., 98-451 (La.App. 5th Cir.4/14/99), 734 So.2d 105, writ denied, 99-1368 (La.7/2/99), 747 So.2d 21, to conclude that the federal Older Workers Benefits Protection Act does not apply to state law claims, and
*290 (2) Did the trial court otherwise err in concluding that no genuine issues of material fact exist, and thus, in dismissing plaintiffs' claims?

FACTS AND PROCEDURAL HISTORY
In 1994, Entergy effected a new rating system, known as Management Planning and Review Ranking Process (hereinafter "Ranking Process"), for evaluating employees. All employees were rated based on their performance and potential and categorized based on that evaluation. Plaintiffs, Herman Aubert and seven other individuals, were employed at Entergy Operations, Inc.'s Waterford Nuclear Steam Electric Generating Station ("Waterford 3") in Taft, Louisiana. These longtime Entergy employees, with years of service ranging from 7 to 27, were ranked against their peers, and all eight ranked at the bottom of level three, the lowest level. Thereafter, Entergy officials met with each low-ranking employee to discuss available options, which included remaining employed at Entergy while attempting to improve their rankings by meeting certain criteria in individualized action plans or accepting voluntary severance packages in exchange for signing releases. As part of the release agreements, the employees' forfeited their rights to bring claims that related, in any way, to their employment or the termination of their employment.
These eight plaintiffs and many other Entergy employees opted for the severance packages with the accompanying releases. Upon discovering that their poor ranking amongst their colleagues could have been age-motivated, these plaintiffs and many other former Entergy employees filed suit against their former employer alleging age discrimination in violation of the Louisiana Commission on Human Rights Act. La.R.S. 51:2231, et seq. The plaintiffs assert that their waivers or releases are invalid and unenforceable because they did not comply with various mandates of the Older Workers' Benefits Protection Act (OWBPA), 29 U.S.C. § 626(f). The defendants filed for summary judgment, arguing that this court conclusively decided this exact issue, based on an identical waiver, in Comeaux v. Entergy Corp., 98-451 (La.App. 5th Cir.4/14/99), 734 So.2d 105, writ denied, 99-1368 (La.7/2/99), 747 So.2d 21. Applying Comeaux, the trial court granted summary judgment. The plaintiffs request that we overrule our decision in Comeaux and reverse the trial court's summary judgment. We decline to do so.

ISSUE ONELAW AND ANALYSIS
Appellants first contend that our ruling in Comeaux should be overturned and, thus that the trial court's judgment granting defendant's summary judgment should be reversed.
In Comeaux, this court addressed the identical set of factual circumstances as are present here. Mr. Comeaux, a long-time employee of Entergy, received a poor evaluation based on the newly instituted ranking scheme. He was then given the choice of maintaining his position with Entergy, with the understanding that he would be required to follow a specific individually-implemented improvement plan to boost his ranking, or accepting a voluntary severance package, pursuant to which he would have to sign a waiver of any future employment-related claims. Mr. Comeaux chose the severance package, his employment was terminated, and he waived all future claims. Some time later, Mr. Comeaux sued Entergy for age discrimination. Entergy brought a motion for summary judgment, which the trial court denied. On Entergy's application for supervisory writs, we granted writs, reversed the trial court and dismissed the plaintiff's claims against Entergy. On remand from the Louisiana Supreme Court for full briefing, we held that the OWBPA does not apply to state age discrimination claims, although, under federal law, the release signed by Mr. Comeaux may not have constituted a knowing and voluntary waiver. Because Mr. Comeaux only sued Entergy under state law, the restrictive federal statute did not apply. We further *291 found that Mr. Comeaux executed the waiver knowingly and voluntarily, and thus, Mr. Comeaux validly released Entergy from all employment-related claims. Based on these findings, we dismissed his claims.
After a thorough review of our decision in Comeaux, we find nothing legally or factually erroneous that would necessitate our overruling it here. We, therefore, decline to overrule that decision. We hold once again that, because Louisiana law does not mandate compliance with OWBPA, and the appellants' claims are solely based on state law, the strict federal statutory requirements on waivers in age discrimination cases do not apply here.

ISSUE TWOLAW AND ANALYSIS
The appellants contend that if we do not find that the OWBPA applies to state law discrimination claims, summary judgment was still inappropriate because the appellants' waivers were not knowing and voluntary. Based on our findings in Comeaux, in identical factual circumstances as those presented here, we find that appellants' waivers were both knowing and voluntary.
Like Mr. Comeaux, the appellants were initially informed that they were approved for a ranking voluntary severance option package by letters, dated January 16, 1995, from the manager of Human Resources, with the waivers attached. They were given until February 1, 1995, to consider the offers, consult attorneys and make their respective decisions. They had the option of either accepting the offers and resigning or continuing their employment and attempting to improve their rankings.
Both the letters and the releases clearly indicated that the employees had a choice and what those choices and their consequences were. The letters stated in part, "Your election to sign the release and to resign is an entirely free and voluntary decision. While your signature on the release and your election to resign is necessary to qualify you for the Ranking Severance policy benefits, you are not required to make any such election." The releases, themselves, also unambiguously provided that signing such would completely bar any future employment-related claims against Entergy and even spelled out that such rights could be "potentially valuable."
Furthermore, the releases confirmed that the employees were given copies of the releases, were advised to discuss the releases with their attorneys and were given no less than 14 days to make their decisions. Each employee was also given a detailed separation pay analysis. All of the appellants signed the releases and, significantly, chose the separation pay and benefits packages, which ranged in amount from $10,000 to $40,000, depending on each individual employee's years of service and current salary.
The appellants allege that their consent was vitiated by fraud and economic duress, and therefore, their consent was not knowing and voluntary. The appellants, however, have failed to prove that their economic hardship compelled their agreement to the releases. Had the appellants opted out of the severance packages, they would have continued their employment at Entergy and would have continued to receive the salaries to which they were accustomed, which were all higher annually than the amounts of the one-time severance packages. Furthermore, Louisiana law clearly provides that a claim of financial straits does not constitute duress. Comeaux v. Entergy Corp., 98-451 (La.App. 5th Cir.4/14/99), 734 So.2d 105, writ denied, 99-1368 (La.7/2/99), 747 So.2d 21 (citing Shepherd v. Allstate Ins. Co., 562 So.2d 1099 (La.App. 4th Cir.1990)). We also find no evidence of fraud. The appellants were given a very clear choice, and they chose what they felt were their best options at that time. Entergy did not misrepresent these choices or use fraud or duress to compel the appellants to make such choices.
*292 Based on the foregoing, we find that the release agreements between Herman Aubert, James Epperly, Herman Poret, Krishna Iyengar, George Koehler, Rajan C. Mathew, Michael McCampbell, Laurence Simon and Entergy are valid. Accordingly, we find that no genuine issue of material fact exists and that the appellees are entitled to judgment as a matter of law.
For the reasons assigned, we affirm the trial court's judgment. We order the appellants to bear the costs of this appeal.
AFFIRMED.