STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

06-1282
consolidated with 06-1429

JUANITA THIBODEAUX, ET AL.

VERSUS

CONOCO PHILLIPS CO., ET AL.

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT,
PARISH OF CALCASIEU, NO. 2003-0481,
HONORABLE WILFORD D. CARTER, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

MICHAEL G. SULLIVAN
JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Oswald A. Decuir, and Michael G. Sullivan, Judges.

APPEAL DISMISSED.

Randall A. Smith
Smith & Fawer, L.L.C.
201 St. Charles Avenue, Suite 3702
New Orleans, Louisiana 70170
(504) 525-2200
Counsel for Appellants:
        Douglas M. Schmidt
        Peter Borstell
        Law Offices of Douglas M. Schmidt, APLC
        Douglas M. Schmidt, APLC

Allen L. Smith, Jr.
Plauche, Smith & Nieset
Post Office Box 1705
Lake Charles, Louisiana 70602
(337) 436-0522
Counsel for Appellee:
        Patrick A. Juneau, Jr., Special Master

**Richard F. Zimmerman, Jr.**
**Jennifer A. Hataway**
**Kantrow, Spaht, Weaver, & Blitzer**
**Post Office Box 2997**
**Baton Rouge, Louisiana  70821-2997**
**(225) 383-4703**
**Counsel for Appellees:**
      **Plaintiffs' Steering Committee**
      **Robert H. Schmolke**
      **Calvin C. Fayard, Jr.**
      **Drew A. Ranier**

SULLIVAN, Judge.

This is a dispute over the allocation of attorney fees in a class action. Appellants appeal the trial court's refusal to approve the payment of attorney fees and expenses according to an agreement reached among attorneys representing claimants in the class and the issuance of a preliminary injunction enjoining Appellants from proceeding in a suit in another court to enforce the fee agreement. Appellees filed a motion to dismiss this appeal, arguing Appellants' waived their right to appeal by acquiescing in the trial court's order awarding attorney fees.

## *Facts*

The parties to this appeal are attorneys who represented plaintiffs in a class action suit which was settled. In conjunction with the settlement, a fund for the payment of attorney fees and expenses was established. During the course of the litigation, a Plaintiffs' Steering Committee (PSC) was appointed by the trial court. The PSC and some attorneys of members of the class entered into agreements among themselves for the allocation of attorney fees and expenses. Pursuant to that agreement, Appellants were to receive $4 million in fees. On September 21, 2005, the trial court held a hearing on the issue of attorney fees. The trial court refused to approve the fee agreement, finding that it was unreasonable, against public policy, and unethical because it violated the Rules of Professional Conduct.[1] The trial court then awarded fees as recommended by the court-appointed Special Master which it deemed reasonable and equitable. It awarded Appellants $2,490,966.67, not the $4 million provided in the fee agreement.

---

[1] Rule 1.5(e) of the Rules of Professional Conduct provides:
A division of fee between lawyers who are not in the same firm may be made only if:
(1) the client agrees in writing to the representation by all of the lawyers involved, and is advised in writing as to the share of the fee that each lawyer will receive;
(2) the total fee is reasonable; and
(3) each lawyer renders meaningful legal services for the client in the matter.

Appellant Doug Schmidt attended the hearing. He did not object to the proceeding and accepted the fees awarded to Appellants by the trial court. Mr. Schmidt signed a Receipt, Release, and Unconditional Acquiescence in Judgment (Release), which stated in part:

> 2. . . . (b) Releasor has read and reviewed the Attorneys' Fees Order and Judgment and is thus fully aware of the Court's award of attorneys' fees and/or costs to Releasor and/or the Firm, as contained therein; (c) Releasor and the Firm are bound by all of the terms, conditions, and obligations contained in the Attorneys' Fees Order and Judgment; and (d) Releasor is **satisfied that the Court's award of attorneys' fees and/or costs to Releasor and/or the Firm as contained in the Attorneys' Fees Order and Judgment is fair and adequate**.
>
> 3. Without limiting the foregoing, in consideration of the Court's award of attorneys' fees and/or costs to Releasor and/or the Firm as contained in the Attorneys' Fees Order and Judgment, Releasor and the Firm hereby **voluntarily and unconditionally**: (a) **acquiesce** in the Attorneys' Fees Order and Judgment and the Court's award of attorneys' fees and/or costs to Releasor and/or the Firm, as contained therein, (b) **waive any right to appeal, petition, bring a writ or law suit or request court review or extraordinary relief from or with respect to the Attorneys' Fees Order and Judgment**, (c) **release and forever discharge any and all claims for any amounts whatsoever, including, but not limited to, claims for attorneys' fees and costs**, whether common benefit or otherwise, arising out of or related to any of the Releases, whether part of the Class Action and/or the Pending Actions or in any way related to the Class Action and /or the Pending Actions, that Releasor and/or the Firm have, or may have had, against any one or more of the Released Parties, the PSC, . . .

(Emphasis added.)

On November 28, 2005, Appellants filed a lawsuit in the Civil District Court of New Orleans, in which they asserted claims of breach of contract and unfair trade practices against members of the PSC. The PSC sought a preliminary injunction to enjoin Appellants from proceeding with that litigation. After a hearing, the trial court granted the injunction based on the Release. On November 30, 2005, Appellants filed this appeal.

2

***Motion to Dismiss Appeal***

Pursuant to La.Code Civ.P. art. 2085, "[a]n appeal cannot be taken by a party who confessed judgment in the proceedings in the trial court or who voluntarily and unconditionally acquiesced in a judgment rendered against him." This court addressed the dismissal of an appeal where an appellant acquiesced in a settlement of his claim, stating: "The acquiescence that prohibits an appeal, or destroys it when taken, is the acquiescence in a decree commanding something to be done or given. If the thing commanded to be done or given is done or given, there has been acquiescence in the judgment." *West v. Bruner Health Group, Inc.*, 03-152, p. 8 (La.App. 3 Cir. 10/29/03), 866 So.2d 260, 267, *writs denied*, 04-913, 04-935 (La. 6/18/04), 876 So.2d 805, 806 (quoting *Times Picayune Publ'g Corp. v. New Orleans Aviation Bd.*, 99-237, p. 5 (La.App. 5 Cir. 8/31/99), 742 So.2d 979, 982, *writ denied*, 99-2838 (La. 12/10/99), 751 So.2d 257).

Appellants sought attorney fees and were awarded attorney fees by the trial court which they accepted and in conjunction therewith signed the Release. Their acquiescence to their fee award prohibits this appeal. However, our discussion cannot end here because Appellants attack the validity of the trial court's judgments.

***Consent***

Appellants claim they acted under duress which vitiates their consent to the acceptance of the fees and the execution of the Release. Louisiana Civil Code Article 1959 provides:

> Consent is vitiated when it has been obtained by duress of such a nature as to cause a reasonable fear of unjust and considerable injury to a party's person, property, or reputation.

3

Age, health, disposition, and other personal circumstances of a party must be taken into account in determining reasonableness of the fear.

Appellants lived and had their offices in the New Orleans area. They urge that they were so negatively impacted by Hurricane Katrina they were compelled to accept the trial court's fee award and execute the Release. Comment (b) to Article 1959 explains that the article contemplates two kinds of duress. One is physical duress; the other occurs where "a person makes an improper threat that induces a party who has no reasonable alternative to manifest his assent." La.Civ.Code art. 1959, Comment (b).

Some Louisiana courts have held that economic stress does not constitute legal duress as contemplated by Article 1959. *See Sid-Mar's Rest. & Lounge, Inc. v. Gardner,* 02-1109 (La.App. 5 Cir. 3/25/03), 844 So.2d 178; *Aubert v. Entergy Corp.*, 00-30 (La.App. 5 Cir. 5/30/00), 762 So.2d 288; *Adams v. Adams*, 503 So.2d 1052 (La.App. 2 Cir. 1987). However, the supreme court has held that the fear of economic deprivation can constitute duress which vitiates consent. *Wolf v. La. State Racing Comm'n*, 545 So.2d 976 (La.1989); *see also*, *Martco P'ship v. Frazier*, 01-72 (La.App. 3 Cir. 6/6/01), 787 So.2d 1196.

In *Wolf*, the Fair Grounds Corporation, which operated the New Orleans Fair Grounds race track, required the jockeys, whom it conceded were independent contractors, to sign contracts in which they agreed to accept workers' compensation benefits as their sole remedy for injuries they suffered due to negligence by the racetrack or the jockeys. By signing the contract, the jockeys also waived the right to sue the Fair Grounds Corporation. Only jockeys who signed the contract were allowed to race at the track. The jockeys sought a declaratory judgment declaring the

4

contracts invalid because the Fair Grounds Corporation did not have the authority to require them to sign the contracts and because the contracts were signed under duress.

The supreme court initially determined that the Fair Grounds Corporation did not have the legal authority to require the jockeys to sign such waivers. The court then observed that the threat of doing a lawful right is not duress. *See* La.Civ.Code art. 1962. However, because the Fair Grounds Corporation exceeded its authority, requiring the jockeys to sign the contracts constituted duress. The jockeys signed the contracts only after a protest clause was included, which the court found evidenced that they acted under duress. The supreme court also observed that the agreement effectively denied the jockeys the ability to earn an income.

After viewing the evidence as a whole, we do not find that Appellants' claim of fear of economic deprivation meets the level of duress required to vitiate their consent to the Release. They had the option of not accepting the fee awarded and appealing and/or filing suit to enforce their fee agreement. The trial court did not threaten that they would not receive a fee or that their fee would in some way be jeopardized if they did not accept the award on September 21, 2005. Further, Appellants never voiced concerns to the trial court that their financial situation was such that they felt compelled to accept the award, even though they did not believe it was fair or in their best interests.

### *Due Process*

Appellants also claim that their right to due process was violated. They argue that the trial court erred in conducting the September 21, 2005 hearing to allocate fees because notice of the hearing was not provided as required by the Code of Civil Procedure and because they were displaced by Hurricane Katrina. Mr. Schmidt

5

appeared in person and represented Appellants at the hearing. He filed a Motion and Order to Enforce Fee Allocation Agreement and for Stay of Proceedings with a supporting memorandum prior to the hearing. The motion sought a stay of the distribution of attorney fees to allow disputes among the attorneys regarding the distribution to be resolved. Appellants did not seek a stay or continuance of the hearing because they were displaced by Hurricane Katrina or because participation in the hearing would be a hardship on them. If Appellants had raised these objections in the trial court, the trial court would have had the opportunity to continue the hearing to a later date. Appellants' failure to inform the trial court of their situation and request a continuance constituted a waiver of those objections which will not be considered on appeal. *See Lafayette City-Parish Consol. Gov't v. Francis*, 06-235, p. 4 (La.App. 3 Cir. 6/28/06), 934 So.2d 258, 261, where this court noted: "Generally, a party's failure to object to a procedural irregularity is considered to constitute a waiver to object to the irregularity on appeal."

Appellants urge that Executive Order KBB 2005-32 and La.R.S. 9:5821-5825, which codified Executive Orders KBB 2005-32, 48, and 67, mandated that the hearing be continued. The intent of these provisions was to protect all persons affected by Hurricanes Katrina and Rita and to "prevent injustice, inequity, and undue hardship to persons who were prevented by these hurricanes from timely access to courts and offices in the exercise of their legal rights, . . . ." La.R.S. 9:5821. If Appellants had requested a continuance of the September 21, 2005 hearing, they would have been entitled to it. However, they chose to attend the hearing and accept the trial court's award of attorneys fees without objection. Under these

6

circumstances, neither the Executive Orders nor the cited provisions excuse their failure to request a continuance before participating in the hearing.

### *Injunction*

Appellants contend that the trial court improperly enjoined their suit for breach of contract and unfair trade practices regarding their fee agreement. Appellate review of the issuance of a preliminary injunction is limited. The issuance of a preliminary injunction is within the sound discretion of the trial court and can be reversed only if that discretion has been abused or improvidently exercised. *Lafayette City-Parish Consol. Gov't v. Lafayette Mun. Fire & Police Civil Serv. Bd.,* 01-1460 (La.App. 3 Cir. 5/8/02), 816 So.2d 977, *writ denied,* 02-1565 (La. 9/30/02), 825 So.2d 1194.

Appellants argue they had "no recourse but to file a separate suit" against the individual members of the PSC to enforce their rights under their fee agreement. This argument ignores the fact that they could have refused the trial court's fee award and appealed the matter to this court. Instead, they chose to accept the fee award and left the courthouse with a check in hand. By accepting the check and signing the Release, Appellants waived "any right to appeal, petition, bring a writ or law suit . . . with respect to the Attorneys' Fees Order and Judgment." *See* Release para. 3.

Appellants contend that the Release does not bar their suit because they waived the right to sue the PSC, which is identified in the Release, but not the individual members of the PSC, who were not individually identified in the Release. Louisiana Civil Code art. 24 defines a juridical person as "an entity to which the law attributes personality, such as a corporation or a partnership. The personality of a juridical person is distinct from that of its members." The PSC is not a juridical entity; it is a group of individual attorneys appointed by the trial court to efficiently control and

7

direct the litigation for the benefit of the class. Therefore, suit against the individual members of the PSC is suit against the PSC.

Appellants attack the grant of the preliminary injunction on the basis that Appellees did not prove they would suffer irreparable harm as required by La.Code Civ.P. art. 3601(A). The trial court cited two reasons for granting the preliminary injunction: 1) Appellants' suit violated its Order and the Release and interfered with its continuing jurisdiction over the class action as provided in La.Code Civ.P. art. 594, and 2) Appellants breached an obligation not to file suit as provided in the Release.

Article 3601 does require an applicant for a preliminary injunction to prove that he will suffer irreparable injury if the injunction does not issue and that he is entitled to the relief sought. However, there are exceptions to this requirement. One exception is where an injunction is sought to enjoin actions clearly contrary to expressed law. In such situations, a showing of irreparable injury is not necessary. *Galle v. Coile*, 556 So.2d 957 (La.App. 3 Cir. 1990); *Bossier v. Lovell*, 410 So.2d 821 (La.App. 3 Cir.), *writ denied*, 414 So.2d 376 (La.1982). In *Bossier*, this court affirmed the issuance of an injunction to prevent the general partner of a partnership from violating provisions of the partnership agreement. Having found that the PSC is not a separate entity from its individual members, we conclude that Appellants violated the trial court's Order and the Release by filing suit to enforce the fee agreement and that the trial court's issuance of the preliminary injunction was not an abuse of its discretion.

In support of their contentions, appellants cite statements made by the trial court and a member of the PSC regarding the expectation of suits being filed over the

8

distribution of attorney fees. These comments were made by the trial court and a member of the PSC while discussing another attorney's attempt to enforce the fee agreement. That attorney did not accept the trial court's fee award. Additionally, the referenced comments preceded the trial court's fee award to Appellants and Appellants' execution of the Release and acceptance of those fees. The comments were not made in response to claims by Mr. Schmidt and should not have been construed by experienced trial attorneys to mean that the Release did not prohibit them from filing another suit to enforce the fee agreement.

## *Disposition*

For these reasons, this appeal is dismissed at Appellants' cost.

**APPEAL DISMISSED.**