STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-1017 consolidated with 11-742

KEISHA DESSELLE, ET AL.

VERSUS

ACADIAN AMBULANCE SERVICE, INC.

**********

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 2010-5885-A
HONORABLE MARK A. JEANSONNE, DISTRICT JUDGE

**********

**MARC T. AMY
JUDGE**

**********

Court composed of Jimmie C. Peters, Marc T. Amy, and Shannon J. Gremillion, Judges.

**JUDGMENT GRANTING PRELIMINARY INJUNCTION REVERSED AND VACATED. JUDGMENT DENYING THE PRELIMINARY INJUNCTION RENDERED.**

**Scott R. Bickford
Lawrence J. Centola, III
Martzell & Bickford
338 Lafayette Street
New Orleans, LA 70130
(504) 581-9065
COUNSEL FOR PLAINTIFF/APPELLEE:
    Keisha Desselle, et al.**

**Donald W. McKnight**
**Claude P. Devall**
**J. Lee Hoffoss, Jr.**
**Newman, Hoffoss & Devall**
**1830 Hodges Street**
**Lake Charles, LA   70601**
**(337) 439-5788**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
       **Keisha Desselle, et al.**

**Derrick G. Earles**
**Post Office Box 129**
**Marksville, LA   71351**
**(318) 253-0900**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
       **Keisha Desselle, et al.**

**James P. Dore**
**Alan J. Berteau**
**Kean, Miller**
**Post Office Box 3513**
**Baton Rouge, LA   70821**
**(225) 387-0999**
**COUNSEL FOR DEFENDANT/APPELLANT:**
       **Acadian Ambulance Service, Inc.**

**Rodney M. Rabalais**
**Rabalais  & Roy**
**Post Office Box 447**
**Marksville, LA   71351**
**(318) 253-4622**
**COUNSEL FOR DEFENDANT/APPELLANT:**
       **Acadian Ambulance Service, Inc.**

**AMY, Judge.**

The defendant health care provider contests the granting of a preliminary injunction prohibiting it from collecting, or attempting to collect, an amount in excess of the reimbursement rate contracted with certain health insurance providers pending litigation of a related class action certification. The defendant asserts that the trial court lacked subject matter jurisdiction to enter the preliminary injunction in light of the pending appeal and, also, that no evidence was presented indicating that the judgment under review presented irreparable harm. For the following reasons, we reverse and vacate the judgment entering the preliminary injunction. We render judgment denying the preliminary injunction.

## Factual and Procedural Background

The plaintiffs, Keisha Desselle and Terry Dupuy, filed the underlying matter against Acadian Ambulance Services, Inc. (Acadian Ambulance), asserting that Acadian Ambulance impermissibly pursued recovery of its full rate for services rendered to the plaintiffs and those situated similarly. The plaintiffs asserted that this practice violated La.R.S. 22:1871, et seq. (the Health Care Consumer Billing and Disclosure Protection Act), insofar as they were insured by health insurance policies issued by an insurer with whom Acadian Ambulance had contracted to provide medical services. In addition to the alleged statutory violation, the plaintiffs contended that Acadian Ambulance's policy resulted in payment of sums not due. The trial court granted the plaintiffs' motion to certify class action on April 7, 2011 and named the plaintiffs as class representatives. Thereafter, Acadian Ambulance appealed the trial court's granting of the motion for class

certification.[1]  The trial court entered the order of appeal on April 12, 2011.  The suspensive appeal bond was filed into the record on April 14, 2011.

The question involved in this present appeal subsequently arose when, on April 25, 2011, the plaintiffs filed a motion for preliminary injunction seeking an order enjoining Acadian Ambulance "from engaging in the practice of refusing to accept a patient's health insurance when a patient has been involved in a liability accident" during the pendency of the litigation.  Acadian Ambulance challenged the plaintiffs' motion and asserted that the trial court lacked subject matter jurisdiction given the pending suspensive appeal.  On June 3, 2011, the trial court granted the motion for preliminary injunction, ordering that:

> judgment be rendered herein in favor of Plaintiffs, Keisha Desselle and Terry Dupuy, enjoining defendant, Acadian Ambulance Service, Inc., its employees, assigns, representatives, or agents ("Acadian") during the pendency of this litigation from attempting to collect a health insurance liability or any amount in excess of the contracted reimbursement rate for covered health services by placing privileges/liens pursuant to LSA – R.S. 9:4752 on patients who, at the time of their treatment with Acadian, are insured by a policy of health and medical insurance issued by a "health insurance issuer", as defined by LSA – R.S. 22:1872, with which Acadian is a contracted health care provider pursuant to LSA-R.S. 22:1872, their attorneys, tortfeasors, or liability insurance companies, during the pendency of this litigation, subject to the setting of security and posting thereof by Plaintiffs, as set forth in Louisiana Code of Civil Procedure article 3610.[2]

---

[1] In a companion case, we address Acadian Ambulance's appeal of the class action certification.  *See Keisha Desselle, et al. v. Acadian Ambulance Service, Inc.*, 11-742 (La.App. 3 Cir. _/_/12), _ So.3d _.

[2] In separate written reasons, the trial court explained:

> After reviewing the law and memoranda of the parties, the Court finds that it has not divested its jurisdiction over the present matter since the only matter on appeal with the Third Circuit Court of Appeal is class certification.  Also, the Court notes that the motion was filed by Keisha Desselle and Terry Dupuy in their individual capacities, not as representatives of a class.  Therefore, the Court denies Acadian's exception of lack of subject matter jurisdiction.
>
> As for the instant motion, the Court finds in favor of plaintiffs, Keisha Desselle and Terry Dupuy, and grants their Motion for Preliminary Injunction as prayed for.  Therefore, Acadian Ambulance Service, Inc., its employees, assigns, representatives, or agents ("Acadian") are enjoined during the pendency of this litigation from attempting to collect a health insurance liability or any amount in excess of the contracted

2

Acadian Ambulance filed a devolutive appeal following the entry of the preliminary injunction. It asserts that the trial court lacked subject matter jurisdiction to order the preliminary injunction in light of the pending suspensive appeal of the class action certification.[3] Acadian Ambulance further asserts that preliminary injunction was erroneously entered as the plaintiffs failed to sustain their burden of proof under La.Code Civ.P. art. 3601.

## Discussion

We first address Acadian Ambulance's contention that the plaintiffs failed to sustain their burden of proving entitlement to the preliminary injunction pursuant to La.Code Civ.P. art. 3601. In describing the grounds for issuance of a preliminary injunction, Article 3601(A) provides that: "[a]n injunction shall be issued in cases where irreparable injury, loss, or damage may otherwise result to the applicant, or in other cases specifically provided by law[.]"

On review, we are mindful that a trial court's judgment on a request for preliminary injunction will not be reversed absent an abuse of discretion. *Derouen's Heavy Equip., Inc. v. Lafayette City-Parish Consol. Gov't*, 08-1077 (La.App. 3 Cir. 3/4/09), 7 So.3d 48. However, having reviewed the record(s) of

---

reimbursement rate for covered health services by placing privileges/liens pursuant to La. R.S. 9:4752 on patients who, at the time of their treatment with Acadian, are insured by a policy of health and medical insurance issued by a "health insurance issuer", as defined by La. R.S. 22:1872, with which Acadian is a contracted health care provider pursuant to La.R.S. 22:1872, their attorneys, tortfeasors, or liability insurance companies, during the pendency of this litigation.

[3] La.Code Civ.P. art. 2088 provides, in part, that:

A. The jurisdiction of the trial court over all matters in the case reviewable under the appeal is divested, and that of the appellate court attaches, on the granting of the order of appeal and the timely filing of the appeal bond, in the case of a suspensive appeal or on the granting of the order of appeal, in the case of a devolutive appeal. Thereafter, the trial court has jurisdiction in the case only over those matters not reviewable under the appeal[.]

these proceedings, we conclude that the trial court abused its discretion in granting the motion[4] for preliminary injunction.

Referencing La.Code Civ.P. art. 3601, the supreme court has explained that injunctive relief is designed "to prevent the occurrence of future acts that may result in irreparable injury, loss or damage to the applicant." *Broadmoor, L.L.C. v. Ernest N. Morial New Orleans Exhibition Hall Auth.*, 04-0211 (La. 3/18/04), 867 So.2d 651, 655. While an action for an injunction is pending, the trial court may issue a temporary restraining order, a preliminary injunction, or both. *Id.* A preliminary injunction may be issued in order to preserve the status quo until trial on the merits of the permanent injunction. *Id.* The preliminary injunction may issue upon a prima facie showing that the plaintiff is entitled to relief. *Mary Moe, L.L.C. v. Louisiana Bd. of Ethics*, 03-2220 (La. 4/14/04), 875 So.2d 22. However, the trial court may issue a permanent injunction only after a full trial on the merits, at which the party seeking the permanent injunction must demonstrate entitlement to the injunction by a preponderance of the evidence. *Broadmoor*, 867 So.2d 651. "Notably, parties may agree to consolidate trial on the merits of a permanent injunction with the judgment issuing a preliminary injunction." *Mary Moe*, 875 So.2d at 29. Despite the substantive effect of the preliminary injunction and its change in the status quo, this is not a case in which the parties agreed to consolidate trial of the merits with the judgment issuing the preliminary injunction.

We first conclude that this case runs afoul of La.Code Civ.P. art. 3601 insofar as the plaintiffs did not demonstrate that "irreparable injury, loss, or damage may otherwise *result to the applicant*[.]" (Emphasis added.) The evidence submitted regarding the history of this claim indicates that the plaintiffs, Ms.

---

[4] We note here that La.Code Civ.P. art. 3601(D) provides that "[e]xcept as otherwise provided by law, an application for injunctive relief shall be by petition." The plaintiffs pursued the preliminary injunction via a motion filed within the existing suit rather than by petition.

4

Desselle and Mr. Dupuy, have already been subjected to the complained-of billing procedure. The trial court observed that they seemingly pursued the preliminary injunction in their own right, not as representatives of a prospective class. Thus, pursuit of the plaintiffs' own claim for injunctive relief can only be viewed as unproven or, alternatively, moot. We note, too, that any alleged injury, loss, or damage is monetary is nature. It is unclear how the anticipated injury, loss, or damage is irreparable insofar as the plaintiffs' suit is one for monetary damages.

Further, to the extent it could be argued that the plaintiffs were pursuing the injunction in favor of a larger group of prospective Acadian Ambulance customers, the limits of the trial court's subject matter jurisdiction to enter the injunction comes into question. Recall that the suspensive appeal of the certification of the class was entered prior to the application for, and related proceedings on, the preliminary injunction. *See* La.Code Civ.P. art. 2088.[5] Notwithstanding this

---

[5] The class definitions, below, were inclusive of those to whom the complained-of policy was applied or to whom the policy would be applied "through date of judgment." In defining the classes, the trial court explained:

The Class as Defined consists of the following:

All persons who received "covered health care services" as defined by La.R.S. 22:1874(8) provided by Acadian Ambulance Service, Inc. ("Acadian[")]; and at the time of the covered health care services had "Health Insurance Coverage" as defined by La. R.S. 22:1874(18); and from whom Acadian attempted to recover any amount in excess of the "contracted reimbursement rate" as defined by La. R.S. 22:1874(7) and/or who paid Acadian in any manner including but not limited to liability insurance proceeds and/or from proceeds of a settlement or judgment, an amount in excess of the "contracted reimbursement rate" either directly and/or through their attorney and/or through a liability insurance carrier and/or any third party.

The class is composed of the following subclasses:

"Attempt to Recover" subclass: A subclass of persons who received covered health care services, and who had health insurance coverage, and from whom Acadian attempted to recover any amount in excess of the "contracted reimbursement rate" from October 25, 2009 through date of judgment.

Payor subclass: A subclass of persons who received covered health care services, and who had health insurance coverage, and/or who paid Acadian in any manner including but not limited to liability insurance proceeds and/or from proceeds of a settlement or judgment, an amount in excess of the "contracted reimbursement rate" either directly

observation, however, it is apparent that the plaintiffs failed to demonstrate *irreparable* injury, loss, or damage to any prospective plaintiff.[6]

Further, we reject the plaintiffs' assertion that they were not required to demonstrate irreparable injury, harm, or loss insofar as they have availed themselves of an exception to the requirement of irreparable harm. For this proposition, the plaintiffs cite *Thibodeaux v. Conoco Phillips Co.*, 06-1282 (La.App. 3 Cir. 3/7/07), 952 So.2d 912, *writ denied*, 07-0725 (La. 6/29/07), 959 So.2d 518, wherein a panel of this court noted that a showing of irreparable harm is unnecessary in situations where the injunction enjoins actions clearly contrary to expressed law. The plaintiffs assert that the evidence developed at the class certification hearing regarding the complained-of billing practice clearly demonstrates a violation of La.R.S. 22:1871, et seq.[7]

The supreme court has, in fact, acknowledged that a showing of irreparable injury is not necessary in the event that the conduct at issue constitutes a direct violation of a prohibitory law or a constitutional right. *Jurisich v. Jenkins*, 99-0076

and/or through their attorney and/or through a liability insurance carrier and/or any third party, from January 1, 2004 through date of judgment.

[6] We do not further address Acadian Ambulance's contentions regarding subject matter jurisdiction in light of our findings regarding the plaintiffs' burden of proof as to La.Code Civ.P. art. 3601. However, we observe that several applications for supervisory writs have been filed with this court during the course of this litigation, including one seeking review of the trial court's denial of Acadian Ambulance's exception of lack of subject matter jurisdiction filed in response to the motion for preliminary injunction. The reviewing panel found "no error in the trial court's ruling denying the exception of lack of subject matter jurisdiction." *See Keisha Desselle v. Acadian Ambulance Service, Inc.*, 11-00668 (La.App. 3 Cir. 6/10/11)(an unpublished writ), *writ denied*, 11-1515 (La. 7/18/11), 67 So.3d 475.

[7] In pertinent part, La.R.S. 22:1874 provides that:

>    A.    (1)    A contracted health care provider shall be prohibited from discount billing, dual billing, attempting to collect from, or collecting from an enrollee or insured a health insurance issuer liability or any amount in excess of the contracted reimbursement rate for covered health care services.

>    (2).    No contracted health care provider shall bill, attempt to collect from, or collect from an enrollee or insured any amounts other than those representing coinsurance, copayments, deductibles, noncovered or noncontracted health care services, or other amounts identified by the health insurance issuer on an explanation of benefits as an amount for which the enrollee or insured is liable.

6

(La. 10/19/99), 749 So.2d 597 (wherein the supreme court considered the exception in the context of a preliminary injunction issued against public entities). Here, the alleged violation of La.R.S. 22:1871, et seq., and in particular La.R.S. 22:1874, is the central issue of the case on the merits. Despite their allegation as such, the plaintiffs have not shown that Acadian Ambulance's billing procedure is a clear violation of La.R.S. 22:1874. We point out that the statute includes consideration of, among other things, contractual matters between the concerned entities. The plaintiffs have not resolved that type of issue through the evidence submitted. Although the plaintiffs argue that a statutory violation is apparent in light of testimony and evidence developed at the class certification hearing, pursuit of the resolution of that question of law constitutes an attempted end-run to the ultimate question at issue. The question would be resolved, and the status quo upended, without further proceedings on the merits as later developed.

We conclude that, in light of issues regarding the requisite burden of proof, the trial court abused its discretion in entering the preliminary injunction. Accordingly, we vacate the order granting the motion for preliminary judgment.

## DECREE

For the foregoing reasons, the June 3, 2011 judgment entering the preliminary injunction is reversed and vacated. The plaintiffs' motion for preliminary injunction is denied. Costs of this proceeding are assessed to the appellees, Keisha Desselle and Terry Dupuy.

**JUDGMENT GRANTING PRELIMINARY INJUNCTION REVERSED AND VACATED. JUDGMENT DENYING THE PRELIMINARY INJUNCTION RENDERED.**